**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ALISHA STRIFE,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **C.A. No. 4:23-cv-00358** |
| | § | |
| **ALDINE INDEPENDENT** | § | |
| **SCHOOL DISTRICT, *et al.*,** | § | |
| | § | |
| ***Defendants.*** | § | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Defendant Aldine Independent School District (Aldine ISD or the District) files this Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because, as demonstrated below: (1) Plaintiff did not suffer an adverse employment action as required to establish a disability discrimination or retaliation claim; (2) Aldine ISD granted Plaintiff's requested accommodation, which forecloses her failure-to-accommodate claim; (3) Plaintiff's allegations of constructive discharge and hostile work environment are unexhausted and otherwise insufficient to state a claim; and (4) Plaintiff cannot proceed individually with a "pattern and practice" claim as a matter of law.

**Nature and Stage of Proceeding**

This is an employment discrimination case arising out of Plaintiff Alisha Strife's request to bring her service dog "Inde" to work as a reasonable accommodation. *See generally* Dkt. 38. Aldine ISD currently employs Plaintiff Alisha Strife and has employed

her since the 2012-2013 school year. Dkt. 38 at ¶ 39. Plaintiff filed her Original Complaint on February 1, 2023, and sought the entry of a temporary injunction. *See* Dkts. 1 and 7. Aldine ISD filed its Motion to Dismiss Plaintiff's Original Complaint on February 14, 2023. *See* Dkt. 12. Plaintiff responded on March 7, 2023 (Dkt. 27), and Aldine ISD replied on March 14, 2023 (Dkt. 29).

In the *interim*, the Court conducted a hearing on February 15, 2023, during which the Court denied Plaintiff's request for a temporary restraining order and set a hearing for Plaintiff's request for temporary injunction for March 9, 2023. *See* February 15, 2023, Minute Entry. Prior to the temporary injunction hearing, on February 24, 2023, Aldine ISD approved Plaintiff's accommodation request, and Plaintiff is now accompanied by Inde at work. Dkt. 24; *see* Dkt. 38 at ¶¶ 78-79. Plaintiff also voluntarily dismissed her claims under Texas Human Resources Code Chapter 121 and dismissed her claims against the individual Aldine ISD Board Members in their official capacities. Dkt. 27; *see generally* Dkt. 38.

On June 5, 2023, Plaintiff filed her First Amended Complaint without leave of Court or the written consent of the undersigned counsel and 111 days after Aldine ISD filed its original Motion to Dismiss. *See* Dkt. 38.[1] Plaintiff, having had the benefit of 111 days to

[1] Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading once as a matter of course within 21 days of serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. *See* Fed. R. Civ. P. 15(a)(1)(A), (B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiff filed her First Amended Complaint on the first business day following the Court's entry of the Scheduling Order in this case (Dkt. 35) and purports that she has free leave to amend until the pleadings deadline on July 31, 2023. Dkt. 40 at fn. 1. Plaintiff is wrong. *See Aztec, as Displays v. M & G Displays*, 2010 WL 2853900, at *2 (S.D. Tex. 2010) ("Setting a deadline for amending pleadings does not confer automatic leave, unless the scheduling order specifically states that, within the time period allowed, leave need not be sought. Neither of the scheduling orders entered in this case negates Plaintiffs' obligations under Rule 15(a)(2)."). Despite the impropriety of the amendment, Aldine ISD is choosing to seek dismissal of the amended pleading as if written consent or leave was granted rather than miring this case further with a procedural challenge when, as discussed herein, Plaintiff has now had an opportunity to plead her best case, yet her claims still fail.

consider Aldine ISD's dispositive arguments before she improperly filed her First Amended Complaint, still fails to cross the plausibility threshold concerning whether the District violated the Americans with Disabilities Act (ADA), the Rehabilitation Act, or Chapter 21 of the Texas Labor Code (Chapter 21), which are analyzed co-extensively.[2] Therefore, for the reasons as discussed below, Aldine ISD respectfully asks the Court to dismiss this case with prejudice.

## **Standard of Review**

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint's factual allegations. *See, e.g.*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)) (internal quotation omitted); *accord Twombly*, 550 U.S. at 555 (holding that the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level."). The Supreme Court has articulated a "two-pronged approach" for determining whether a complaint states a plausible claim for relief. *Iqbal*, 556 U.S. at 679. First, because legal conclusions "must be supported by factual allegations[,]" the Court must identify those pleadings that, "because they are no

[2] The Fifth Circuit holds "that the Rehabilitation Act generally adopts 'the substantive standards for determining *what* conduct violates' Title I of the ADA." *Flynn v. Distinctive Home Care, Inc.*, 812 F.3d 422, 431 (5th Cir. 2016) (quoting *Fleming v. Yuma Reg'l Med. Ctr.*, 587 F.3d 938, 944 (9th Cir. 2009) (*quoting Schrader v. Fred A. Ray, M.D., P.C.*, 296 F.3d 968, 972 (10th Cir. 2002))) (emphasis in original); *but see Soledad v. U.S. Dep't of Treas.*, 304 F.3d 500, 505 (5th Cir. 2002) (holding that the Rehabilitation Act does not incorporate Title I's causation standard). Likewise, Texas courts "are mindful that one of their purposes is to implement the policies embodied in Title I of the Americans with Disabilities Act and its amendments, which address employment discrimination . . . Thus, federal decisions interpreting the ADA may guide our interpretation of the TCHRA." *Dillard v. SNC-Lavalin Eng'rs & Constructors, Inc.*, 629 S.W.3d 692, 698 (Tex. App.—Houston [1st Dist.] 2021, no pet.) (citing Tex. Lab. Code § 21.001(3); *Primeaux v. Conoco, Inc.*, 961 S.W.2d 401, 403 n.2 (Tex. App.—Houston [1st Dist.] 1997, no writ)) (internal citations omitted).

more than conclusions, are not entitled to the assumption of truth." *Id.* Then, after identifying the well-pleaded factual allegations, the Court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* A claim only has "facial plausibility" when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Courts further have the discretion to deny a leave to amend a complaint if further amendment would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co*. 313 F.3d 305, 329 (5th Cir. 2002).

## <u>Arguments and Authorities</u>

### *A. Despite attempted amendment, Plaintiff still fails to viably plead she suffered an adverse employment action to support her discrimination and retaliation claims.*

Aldine ISD, in its original Motion to Dismiss, argued that Plaintiff's disability discrimination and retaliation claims should be dismissed because Plaintiff failed to plausibly allege that she suffered a legally cognizable adverse employment action. Dkt. 12 at pp. 14. Plaintiff essentially transcribes the arguments aimed at addressing the lack of an adverse employment action in her Response to Aldine ISD's original Motion to Dismiss into her First Amended Complaint. *Compare* Dkt. 27 at pp. 12-15; *see also* Dkt. 40 at p. 2 ("Ms. Strife also expressly alleges AISD subjected her to 'adverse'/'[*sic*] ultimate' discriminatory and retaliatory employment actions and identifies those actions."). As discussed below, Plaintiff's conclusory allegations of supposed adverse employment actions still fail as a matter of law.

*1. Plaintiff did not suffer an "ultimate employment decision."*

To state a *prima facie* case of disability discrimination, a plaintiff must allege that: (1) she has a disability or was regarded as disabled; (2) she was qualified for the job; and (3) she was subject to an adverse employment decision on account of her disability. *See Cannon v. Jacobs Field Servs. N. Am., Inc.*, 813 F.3d 586, 590 (5th Cir. 2016). Adverse employment decisions in the discrimination context include "only ultimate decisions such as hiring, granting leave, discharging, promoting, or compensating." *See McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007); *see also Ford v. United Airlines, Inc.*, 2018 U.S. Dist. LEXIS 107427, at *5-*6 (S.D. Tex. 2018). Although a plaintiff is not required to allege a *prima facie* case to survive a Rule 12(b)(6) challenge, "Allegations related to that *prima facie* inquiry may nonetheless be helpful in satisfying the general *Iqbal* plausibility standard." *Haskett v. Cont'l Land Res., L.L.C.*, 668 F. App'x 133, 134 (5th Cir. 2016).

Plaintiff contends that three alleged harms qualify as adverse employment actions in the discrimination context: "a) continuously refusing to reasonably accommodate Ms. Strife's disabilities; b) seriously endangering and jeopardizing her physical and psychological health and safety by refusing to allow her to have and use her service dog at work; and c) attempting to force her to submit to a medical examination by its retained, unqualified medical provider as a condition to being allowed to have and use her service dog at work." Dkt. 38 at ¶ 77. None of these alleged actions, even accepted as true, constitute ultimate employment decisions sufficient to establish a *prima facie* case of disability discrimination.

First, "A failure-to-accommodate claim under the ADA is distinct from a claim of disparate treatment and is analyzed separately under the law." *Bridges v. Dep't of Social Servs.*, 254 F.3d 71, 71 n.1 (5th Cir. 2001); *accord E.E.O.C. v. LHC Grp.*, 773 F.3d 688m 703 n.6 (5th Cir. 2014). These distinct claims (disparate treatment *versus* failure to accommodate) are only relevant to one another when "'an employer is shown to have terminated a qualified individual with a disability in order to avoid accommodating that employee's impairments at the workplace.'" *Id.* (quoting *Burch v. Coca-Cola Co.*, 119 F.3d 305, 314 (5th Cir.1997)). Plaintiff does not (and cannot) allege that she was terminated or that the District did not grant her the accommodation she requested, and her allegations that Aldine ISD "refused" to approve her requested accommodation, and that her physical health and safety was resultingly endangered or jeopardized, do not support an "ultimate employment decision" sufficient to support a disability discrimination claim. *See Thompson v. Microsoft Corp.*, 2 F.4th 460, 470 (5th Cir. 2021) (affirming summary judgment because the employee suffered no adverse employment action).

Second, regarding the medical examination directive, it is job-related and consistent with business necessity for an employer to make medical inquiries in response to an employee's requested accommodation. 42 U.S.C. § 12112(d)(4)(A) (allowing for medical inquiries when job-related and consistent with business necessity); *see also Kreszowski v. FCA US, LLC*, 2022 U.S. App. LEXIS 6880, at *21 (6th Cir. 2022) ("A medical examination is job-related and consistent with business necessity when: (1) the employee requests an accommodation . . . .") (omission added and internal citations omitted); *see also Delaval v. PTech Drilling Tubulars, L.L.C.*, 824 F.3d 476, 482 (5th Cir. 2016). And,

notable here, "[A]n examination ordered for valid reasons can neither count as an adverse job action nor prove discrimination." *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 813 (6th Cir. 1999) (alteration added). Finally, it is undisputed that Aldine ISD withdrew its request that Plaintiff submit to a medical examination before the District granted her requested accommodation (Dkt. 22), and threatened actions that never come to fruition are not adverse employment actions. *Brandon v. Sage Corp.*, 808 F.3d 266, 272 & n.7 (5th Cir. 2015).

Therefore, because Plaintiff has not alleged that she suffered a legally cognizable adverse employment action based on the supposed delay in granting her accommodation or the abandoned medical examination request in the discrimination context, the Court should dismiss her discrimination claim because she has not suffered an "ultimate employment decision." *See Thompson*, 2 F.4th 460 at 470.

*2. The alleged actions fall woefully short of material adversity as well.*

"To show an unlawful retaliation, a plaintiff must establish a *prima facie* case of (1) engagement in an activity protected by the ADA, (2) an adverse employment action, and (3) a causal connection between the protected act and the adverse action." *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 588 (5th Cir. 2020) (quotations omitted). In the retaliation context, an adverse action must be "materially adverse" to a reasonable employee, which means that the employer's action is harmful to the point that it could well dissuade a reasonable worker from making or supporting a charge of discrimination. *Stringer v. N. Bolivar Consol. Sch. Dist.*, 727 F. App'x 793, 804 (5th Cir. 2018).

Here, even assuming for the sake of argument that Plaintiff engaged in a protected activity, Plaintiff has not alleged any employment action that would rise to the level of a "materially adverse" employment action. *See Brown v. Bd. of Trs. Sealy Indep. Sch. Dist.*, 871 F. Supp. 2d 581, 606 (S.D. Tex. 2012) (dismissing the plaintiff's ADA discrimination claim because she failed "to allege facts to support the third prong of Brown's ADA claim, *i.e.*, that the decision to terminate Brown was made on account of her disability."). For the same reasons as discussed above regarding the implausible discrimination claim, Plaintiff's attempt to bootstrap her failure-to-accommodate claim as an independent retaliation claim is foreclosed because the claims are distinct and analyzed separately in the absence of an employer terminating an employee to avoid granting the accommodation. *LHC Grp., Inc.*, 773 F.3d 688, 703 n.6 (5th Cir. 2014) (quoting *Windhauser v. Bd. of Supervisors for La. State Univ. & Agric. & Mech. Coll.*, 360 F. App'x 562, 565 (5th Cir. 2010)) (alteration in original). Finally, assuming for the sake of argument that directing an employee to attend a medical evaluation in response to a requested accommodation could ever be an adverse employment action, a threatened but ultimately abandoned action is not materially adverse in the retaliation context. *Brandon*, 808 F.3d at 272 & n.7. Plaintiff's retaliation claim should be dismissed with prejudice because she has not suffered an adverse employment action. *See Thompson*, 2 F.4th at 470.

***B. Aldine ISD granted Plaintiff's requested accommodation.***

"Under the ADA, as amended by the ADA Amendments Act of 2008, 'a plaintiff in this circuit 'must prove the following statutory elements to prevail in a failure-to-accommodate claim: (1) the plaintiff is a 'qualified individual with a disability;' (2) the

disability and its consequential limitations were 'known' by the covered employer; and (3) the employer failed to make 'reasonable accommodations' for such known limitations.'" *Trautman v. Time Warner Cable Tex., L.L.C.*, 756 F. App'x 421, 430 (5th Cir. 2018) (quoting *Neely v. PSEG Tex., Ltd. P'ship*, 735 F.3d 242, 247 (5th Cir. 2013) (emphasis omitted)). Assuming, *arguendo*, that Plaintiff has sufficiently pleaded allegations supporting the first two elements, her failure-to-accommodate claim fails because it is undisputed that Aldine ISD granted the exact accommodation Plaintiff requested.[3]

"Consistent with the interpretive guidance of the EEOC, 29 C.F.R. pt. 1630, app. § 1630.9, we have held that ADA compliance requires an employer to engage in an interactive process with an employee who requests an accommodation for her disability to ascertain what changes could allow her to continue working." *Dillard v. City of Austin*, 837 F.3d 557, 562 (5th Cir. 2016) (citing *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 700 (5th Cir. 2014)). "In other words, employer and employee must work together in good faith, back and forth, to find a reasonable accommodation." *Id.* (citing *EEOC v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 621-22 (5th Cir. 2009)). Thus, courts interpreting the interactive process requirement have held that when an employer's unwillingness to engage in a good faith interactive

[3] Plaintiff herself notified the Court that Aldine ISD granted her the right to bring her service animal to work as of February 24, 2023. Dkt. 22. Curiously, that fact did not find its way into Plaintiff's First Amended Complaint; rather, in a frankly galling lack of candor, she couches all of her claims (discrimination, failure to accommodate, and retaliation) as occurring either "[b]etween August 30, 2022 and February 24, 2023," or as "[b]efore February 24, 2023." *See* Dkt. 38 at ¶¶ 77-79. Plaintiff affirmatively pleads elsewhere in the First Amended Complaint that August 30, 2022, is the date on which she first requested accommodations (Dkt. 38 at ¶ 43), but she fails to ascribe any significance to February 24, 2023, anywhere in her latest pleading, other than to plead that the alleged events of which she complaints happened "before" this date. Whatever Plaintiff's motives for this glaring omission may be, the Court may consider the February 15, 2023, hearing transcript (Dkt. 24-2), Plaintiff's Status Update (Dkt. 24), and the accommodation approval letter (Dkt. 24-1) without converting Aldine ISD's Motion to Dismiss to a summary judgment motion because, under Rule 201, judicial notice is appropriate regarding these public records that Plaintiff herself filed in this proceeding. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

process leads to a failure to reasonably accommodate an employee, the employer violates the ADA. *Loulseged v. Akzo Nobel Inc.*, 178 F.3d 731, 736 (5th Cir. 1999).

In this case, Plaintiff's *prolix* First Amended Complaint essentially claims that Aldine ISD delayed the interactive process by seeking additional medical documentation and requesting that Plaintiff submit to a medical examination conducted by an Aldine ISD-retained physician on the District's dime. *See generally* Dkt. 38. Boiled down to the most direct allegation, Plaintiff contends, "Before February 24, 2023, AISD never proffered nor tendered to Ms. Strife ***any*** reasonable accommodation of her disabilities." Dkt. 38 at ¶ 79 (emphasis in original).

"[W]hen an employer's unwillingness to engage in a good faith interactive process *leads to* a failure to reasonably accommodate an employee, the employer violates the ADA." *Silva v. City of Hidalgo*, 575 F. App'x 419, 424 (5th Cir. 2014) (quoting *Loulseged*, 178 F.3d at 736) (alteration and emphasis in original). "Indeed, undue delay is only an ADA violation to the extent it renders an accommodation (if any) unreasonable; the statute provides no separate claim for undue delay." *Schilling v. La. DOT & Dev.*, 662 F. App'x 243, 247 (5th Cir. 2016). Indeed, the Fifth Circuit does not even recognize a claim based on an employer's complete failure to engage in the interactive process, let alone a perceived delay to complete it, unless "an employer's unwillingness to engage in a good faith interactive process leads to a failure to reasonably accommodate an employee, [then] the employer violates the ADA." *Griffin v. UPS, Inc.*, 661 F.3d 216, 224 (5th Cir. 2011) (alteration added).

In *Loulseged*, the Fifth Circuit explained that "[n]othing in the regulations or the cases indicates to us that an employer must move with maximum speed to complete this process

and preempt any possible concerns." *Loulseged*, 178 F.3d at 737. The Court then opined about circumstances in which an employer's delay in the interactive process could lead to liability:

> In *Beck* and many employment cases, the employee continues working in a capacity arguably needing accommodation while the interactive process is ongoing. An employer that dragged its feet in that situation could force the employee to work under suboptimal conditions, "simply document the employee's failures," and use the employee's difficulties as an excuse to terminate her . . . An employer's delaying of the process under those conditions might create liability. There may be other situations in which there is a pressing need to rapidly address the accommodation issue comprehensively. For example, if the employer knows the employee has been offered another job, delaying the interactive process might indicate the employer was attempting to force the employee to take the other position in order to avoid making a reasonable accommodation.

*Id.* at 737 n.6 (internal citation omitted) (quoting *Beck v. Univ. of Wis. Bd. of Regents*, 75 F.3d at 1130, 1135 (7th Cir. 1996); citing *Taylor v. Phoenixville Sch. Dist.*, 174 .3d 142, 165 (3d Cir. 1999)).

Applying precedent to the case at hand, it is clear that Plaintiff's failure-to-accommodate claim remains incurably flawed despite her amendment. First and foremost, Plaintiff received the exact accommodation she requested, so her failure-to-accommodate claim fails on that basis alone. *Molden v. E. Baton Rouge Par. Sch. Bd.*, 715 F. App'x 310, 316 (5th Cir. 2017). Second, none of the circumstances analyzed in *Loulseged* are present in any of the allegations in Plaintiff's First Amended Complaint. Plaintiff's allegations in her live pleading provide that: (1) Plaintiff was injured physically and psychologically while serving in the Army in Operating Iraqi Freedom in 2004; (2) since 2005, Plaintiff has undergone multiple surgeries and treatments, suffered non-work-related injuries, and has been classified as 100% disabled by the Department of Veteran Affairs since 2017; Plaintiff began

working for Aldine ISD in the 2012-2013 school year; (3) Plaintiff first requested an accommodation in August 2022—approximately ten years after she started working for the District and five years after she received the 100% disability rating; and (4) without any accommodations whatsoever, for "approximately ten years of employment at AISD, Ms. Strife has consistently received AISD's highest job evaluation." *See* Dkt. 38 at ¶¶ 1, 9-21, 39-43. In short, Plaintiff's own pleading does not have any of the hallmarks that the Fifth Circuit has opined could show an employer's alleged delay in the interactive process was in bad faith and either led to a failure to accommodate or rendered an accommodation unreasonable. *See Loulseged*, 178 F.3d at 737; *see also Schilling*, 662 F. App'x at 247; *see also Silva*, 575 F. App'x at 424. Plaintiff's failure-to-accommodate claim, therefore, remains ripe for prompt dismissal despite Plaintiff's futile attempt to amend.

***C. Plaintiff's constructive discharge and hostile work environment claims are unexhausted and implausible.***

Plaintiff's First Amended Complaint is opaque regarding whether she is alleging a constructive discharge or hostile work environment claims against Aldine ISD, as she scantly claims she suffered "constructive discharge and a disability-based hostile working environment," as purported "'adverse'/'[*sic*] ultimate actions'" in the context of her disability and retaliation claims. *See* Dkt. 38 at ¶¶ 77-78. To the extent Plaintiff purports to bring such claims for the first time in her First Amended Complaint, these claims should be dismissed because they are not included in her charge of discrimination. *See* Charge of Discrimination,

attached as **Exhibit A**[4]; *see also Walton-Lentz v. Innophos, Inc.*, 476 F. App'x 566, 570 (5th Cir. 2012).

Plaintiff also does not (and cannot) contend that she resigned in her First Amended Complaint, which negates the availability of a constructive discharge claim. *See Johnson v. PRIDE Indus.*, Inc., 7 F.4th 392, 406 (5th Cir. 2021). Plaintiff's First Amended Complaint is likewise silent regarding any characteristic of a viable hostile work environment claim—there is no allegation that Plaintiff suffered unwelcome, disability-based harassment that affected a term, condition, or privilege of employment about which the District knew and failed to take prompt remedial action. *See Gates v. Lyondell Petrochemical Co.*, 227 F. App'x 409, 409–10 (5th Cir. 2007) (per curiam). In the absence of allegations that Plaintiff resigned or was the victim of unwelcome, disability-based harassment in her live complaint, Plaintiff's vague constructive discharge and hostile work environment claims should be dismissed due to her failure to exhaust administrative remedies and because she fails to state a viable claim.

### *D. Plaintiff is precluded from bringing a "pattern and practice" claim.*

Likewise unclear in Plaintiff's First Amended Complaint is whether she intends to bring a "pattern and practice" claim against the District, but she devotes a section of the live pleading to her conclusory belief, based on "information", that Aldine ISD "has a pattern, practice, custom, and/or policy of subjecting 'person(s) with a disability'—including those

---

[4] The District presumes that Plaintiff's charge of discrimination is one of the exhibits to her First Amended Complaint because it was an unsealed exhibit (Exhibit B) to her substantively identical state court petition that preceded this lawsuit. *See* Harris County District Court Cause No. 2023-03186. Nevertheless, Aldine ISD attaches Plaintiff's charge to this Motion, which is allowed because the charge is mentioned in the First Amended Complaint (Dkt. 38 at ¶ 98) and is central to Plaintiff's claims. *See Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014).

who require service dogs—to disability discrimination, retaliation, interference with protected rights, and other violation . . . ." *See* Dkt. 38 at ¶¶ 84-85. To the extent Plaintiff so intends, the Fifth Circuit forecloses her ability to do so in the discrimination context. *See Frank v. Xerox Corp.*, 347 F.3d 130, 136 (5th Cir. 2003) (citing *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 355-56 (5th Cir. 2001) (stating that the pattern-or-practice method of proof is not available in private, non-class action lawsuits)). The Court should, therefore, dismiss this unallowable claim.

**Conclusion**

Aldine ISD requests that the Court grant its Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Rule 12(b)(6), dismiss Plaintiff's claims with prejudice, and award Aldine ISD with its taxable costs of court.

Respectfully submitted,

SPALDING NICHOLS LAMP LANGLOIS

C. CORY RUSH
State Bar No. 24074989
Fed. I.D. No. 1125441
crush@snll-law.com
ANDREW FRANCIS
State Bar No. 24123604
Fed. I.D. No. 3699278
afrancis@snll-law.com
3700 Buffalo Speedway, Suite 560
Houston, Texas 77098
Telephone: 713/993-7066
Facsimile: 888/726-8374

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record via electronic mail and/or ECF on June 16, 2023, addressed as follows:

Scott Newar
440 Louisiana Street, Suite 900
Houston, Texas 77002
newar@newarlaw.com
*(via e-file)*

ATTORNEY FOR DEFENDANT