IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALISHA STRIFE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | C.A. No. 4:23-cv-00358 |
| | § | |
| ALDINE INDEPENDENT | § | |
| SCHOOL DISTRICT, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## ALDINE INDEPENDENT SCHOOL DISTRICT'S RESPONSE TO PLAINTIFF'S SECOND STATUS UPDATE

Aldine Independent School District (Aldine ISD or the District) files this Response to Plaintiff Alisha Strife's Second Status Update as follows.

At the July 20, 2023, hearing, the Court instructed Aldine ISD to respond to Plaintiff's interrogatory regarding service-animal-related accommodation requests the District received for the three years preceding Plaintiff's August 2022 request. *See* July 20, 2023, Hearing Transcript Excerpt, attached as **Exhibit 1**, at 50:2-21, 51:6-8. The Court instructed Aldine ISD to provide "the number of requests that were made, how long it took to respond to those requests, and how many were granted and how many were denied," and stressed that this discovery order did "not require the identification of any person in that regard such that their confidential information is maintained. *Id.* at 50:9-10.

Aldine ISD complied with the Court's order when it produced its interrogatory answer to Plaintiff of July 28, 2023. *See* Except from Aldine ISD's July 28, 2023, Supplemental Objections and Answer to Plaintiff's First Set of Interrogatories, attached as **Exhibit 2**. The District produced the Court-ordered information in the following table format:

| Request No. | Date Request Submitted | Date Decision on Request Reached | Determination |
|---|---|---|---|
| 1 | August 21, 2019 | August 27, 2019 | Request Granted |
| 2 | July 27, 2020 | September 19, 2020 | Request Denied |
| 3 | August 30, 2022 | February 27, 2023 | Request Granted |

*Id.*

Plaintiff, in turn, filed her so-called "status update" not to complain that the District failed to comply with the Court's order; instead, Plaintiff's "status update" alleges that *after* she received the table copied above, she "independently discovered" the identity of the former employee who requested an accommodation in 2020, that she "independently discovered" the settlement of that employee's charge of discrimination with the EEOC "for a substantial monetary sum following an EEOC-conducted mediation,"[1] and that she "independently discovered" that Aldine ISD had the same legal representation during that matter. *See* Dkt. No. 58 at 1-2. The remainder of Plaintiff's "status update" maligns the District's counsel, yet again[2], for informing the Court on February 15, 2023, that he was aware of a previous claim involving a denial of a service-animal-accommodation but not disclosing the confidential, mediated settlement of that matter. *Id.* at 2 & n.1.

The bottom line is that Plaintiff's latest filing provides the Court with no relevant "update" on the status of this case at all. From the outset, ***it is undisputed that Plaintiff received the accommodation she requested***, so her attempt to infer some sort of pattern with the other employee's denied accommodation request in 2020 is just nonsense. If, however, common sense were suspended

---

[1] To be clear, the EEOC's mediation program is confidential, and "The mediator and the parties must sign agreements that they will keep everything that is revealed during the mediation confidential." *See* EEOC's Questions and Answers About Mediation.

[2] As summarized in the District's Response to Plaintiff's Motion for Leave to File Sur-Reply, Plaintiff's unfounded attacks on counsel of Aldine ISD's professional character have, unfortunately, been a constant fixture throughout this lawsuit. *See* Dkt. 51 at 1-2.

for the sake of argument so that the 2020 denial could be considered comparable to Plaintiff's granted accommodation, comparator information is not part of the analysis in disability discrimination claims. *See EEOC v. LHC Group, Inc.*, 773 F.3d 688, 697 (5th Cir. 2014) (comparator information not part of a plaintiff's *prima facie* case for disability discrimination). Further assuming, *arguendo*, that a 66% approval rate of service-animal-accommodation requests (including Plaintiff's approved accommodation), in a sample size of three requests over three school years[3], could show any sort of pattern-or-practice at all, let alone one favorable to Plaintiff's position, a pattern-or-practice claim is unavailable in private discrimination suits. *See Frank v. Xerox Corp.*, 347 F.3d 130, 136 (5th Cir. 2003) (recognizing that the pattern-or-practice method of proof is not available in private, non-class action lawsuits) (citing *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 355-56 (5th Cir. 2001)); *see also Pickney v. Diamond Offshore Servs. Ltd.* 2022 WL 889035, at *17 (S.D. Tex. 2022) (Lake, J) (collecting cases and ruling, in a case brought by Plaintiff's counsel and in an order concerning the allowable presentation of evidence at trial, "Because this is neither a government action nor a class action but, instead, a private action in which Plaintiffs assert only their own individual claims of race discrimination, Plaintiffs may not present evidence or argument that DOSL

---

[3] "Raw numbers or statistics alone, while perhaps having some probative value, are not sufficient in and of themselves to create a fact issue around whether Defendant's nondiscriminatory rationale is pretextual." *Harrison v. Chipolbrok America, Inc.*, 2019 WL 1755530, at *10 (S.D. Tex. 2019) (Hanen, J) (unpublished) (citing *E.E.O.C. v. Tex. Instruments Inc.*, 100 F.3d 1173, 1184 (5th Cir. 1996)); *see also Ward v. Midwestern State Univ.*, 217 F. App'x 325, 329 (5th Cir. 2007) (unpublished) (finding that plaintiff's allegations that there were only four African–American faculty out of approximately 500 faculty members and that another African–American faculty member was denied tenure failed to establish pretext, as the plaintiff "fail[ed] to present any particularized evidence to support the[ ] allegations") (alterations in original). The Fifth Circuit has also "found that a statistical analysis that did not purport to analyze the facts surrounding the circumstances of the individual at issue was 'impotent' to establish whether an employer's stated reasons were pretextual." *Joseph v. City of Dallas*, 277 F. App'x 436, 442 (5th Cir. 2008) (rejecting plaintiff's statistics because he "merely provided raw numbers"); *see also Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 583 (5th Cir. 2006) ("These statistics are not probative of discriminatory intent because they are devoid of context.").

engaged in a pattern-or-practice of race discrimination.") (unpublished). In short, Plaintiff's latest "status update" does nothing to impact the current procedural posture of this case—that this, whether this case should be dismissed for the reasons stated in Aldine ISD's pending Rule 12(b)(6) motion. *See Molden v. E. Baton Rouge Parish Sch. Bd.*, 715 F. App'x 310, 315 (5th Cir. 2017) (unpublished) ("The record, however, is clear that the School Board *did* provide Molden with a reasonable accommodation. Thus any putative failure to engage in an interactive process cannot be said to have *led* to a failure to reasonably accommodate.") (emphasis in original) (citing *Silva v. City of Hidalgo, Tex.*, 575 F. App'x 419, 424 (5th Cir. 2014) (unpublished); (*Loulseged v. Akzo Nobel Inc.*, 178 F.3d 731, 736 (5th Cir. 1999)).

Against the backdrop of the manifest absence of legal support backing Plaintiff's decision to "update" the Court in the manner she chose, the impropriety of her decision cannot be overstated. Despite Aldine ISD only disclosing bare numbers in compliance with the Court's July 20th order, which the Court took care to state was crafted to allow the District to maintain the confidentiality of employees' medical information, Plaintiff "independently discovered" not only the identity of the individual from the 2020-2021 school year, but also the details concerning the outcome of a confidential settlement in that matter.[4] Irrespective of the questionable circumstances by which

---

[4] Plaintiff does not explain how she "independently discovered" the information she discusses in her Second Status Update. To the extent Plaintiff "independently discovered" the identity and settlement history of a former Aldine ISD employee using credentials she only has by virtue of her employment in the Human Resources Department, such actions would constitute violations of Aldine ISD Board Policies and could even violate the Texas Penal Code. *See* Aldine ISD Board Policy DH (Local) ("The District holds all employees accountable to the Educators' Code of Ethics. [See DH(EXHIBIT)]"); *see* Aldine ISD Board Policy DH (EXHIBIT) (providing, in relevant part, "Standard 1.4. The educator shall not use institutional or professional privileges for personal or partisan advantage."; "Standard 1.7. The educator shall comply with state regulations, written local school board policies, and other state and federal laws); *see also* Tex. Educ. Code § 21.041(b)(8) (requiring the State Board of Education to adopt an educator's code of ethics); *see also* 19 Tex. Admin. Code § 247.2 (Code of Ethics and Standard Practices for Texas Educators); *see also* Tex. Penal Code § 39.06(b) ("A public

Plaintiff "independently discovered" the former employee's identity and other sensitive, employment-related information, and regardless of whether Plaintiff's "update" to the Court was meant to coerce her own "substantial monetary sum" from the District[5], her decision to broadcast this employee's job title and that she had a disability resulting in a request for an accommodation in a public filing tramples upon the stated purpose of the Court's order that Aldine ISD produce only de-identified, numerical information in response to Plaintiff's discovery request. Now, due to Plaintiff's tactic, the former employee's private information is at the fingertips of anyone with Internet-search capabilities.

In sum, Plaintiff's Second Status Update provides no legal basis for the continuation of this case in the face of Aldine ISD's pending dispositive motion, how Plaintiff acquired the information she "independently discovered" after the District's production of only raw numbers is, at a minimum, concerning, and her "update" contravenes the clearly stated purpose of the Court's limited discovery order, which was aimed at protecting the confidentiality and privacy rights of Aldine ISD employees. Unfortunately, Plaintiff's latest filing conforms to the established pattern in this case, but Plaintiff's vexatious multiplication of proceedings should not detract from the main point at issue in this stage

---

servant commits an offense if with the intent to obtain a benefit . . . he discloses or uses information for a nongovernmental purpose that: (1) he has access to by means of his office or employment; and (2) has not been made public.").

[5] At last count, more than four months after Aldine ISD granted Plaintiff's accommodation request, Plaintiff's "non-negotiable" settlement demand for attorneys' fees alone more than sextuples the "substantial monetary sum" referenced in Plaintiff's Second Status Update. That said, although it should go without saying, information related to prior settlements and settlement discussions is inadmissible to prove the validity or value of a case under the Federal Rules of Evidence. *See* Fed. R. Evid. 408(a); *see also Adegbenro v. Bank of America*, 2023 WL 4275507, at *7 (S.D. Tex. 2023) (magistrate report and recommendation) (citing *Hudspeth v. Comm'r of Internal Revenue*, 914 F.2d 1207, 1213 (9th Cir. 1990) ("Rule 408 does apply to situations where the party seeking to introduce evidence of a compromise was not involved in the original compromise.")), adopted 2023 WL 4725012, at * 1 (S.D. Tex. 2023) (Bennett, J) (slip copy).

of the litigation—Plaintiff remains employed and has her service animal with her at work as an approved accommodation. Stated bluntly, enough is enough, and the District respectfully requests that the Court dismiss this case based on Aldine ISD's pending Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. No. 44).[6]

## Conclusion

Aldine ISD requests that the Court grant its Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Rule 12(b)(6) (Dkt. No. 44), dismiss Plaintiff's claims with prejudice, and award Aldine ISD with its taxable costs of court.

Respectfully submitted,

SPALDING NICHOLS LAMP LANGLOIS

*/s/ C. Cory Rush*

C. CORY RUSH
State Bar No. 24074989
Fed. I.D. No. 1125441
crush@snll-law.com
ANDREW FRANCIS
State Bar No. 24123604
Fed. I.D. No. 3699278
afrancis@snll-law.com
3700 Buffalo Speedway, Suite 500
Houston, Texas 77098
Telephone:    713/993-7066
Facsimile:    888/726-8374

ATTORNEYS FOR DEFENDANTS

---

[6] Aldine ISD is aware of Plaintiff's Sur-Reply to Aldine ISD's Motion to Dismiss Plaintiff's First Amended Complaint, which is titled as a Notice of Supplemental Authority. *See* Dkt. 59. In the event the Court does not strike the filing for noncompliance with this Court's Procedure B.5(f), the District intends to seek leave of Court to file a Response to Plaintiff's supplemental authority.

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record *via* electronic mail and/or ECF on August 21, 2023.

                                       ATTORNEY FOR DEFENDANTS