United States District Court
Southern District of Texas

**ENTERED**
November 02, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALISHA STRIFE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-00358 |
| | § | |
| ALDINE INDEPENDENT SCHOOL | § | |
| DISTRICT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are Plaintiff Alisha Strife's First Amended Complaint (Doc. #38), Defendant Aldine Independent Schools District's ("AISD") Motion to Dismiss Plaintiff's First Amended Complaint (the "Motion") (Doc. #44), Plaintiff's Response (Doc. #46) and Notice of Supplemental Authority (Doc. #59), and AISD's Reply (Doc. #48).[1]  Having considered the parties' arguments, submissions, and the applicable legal authority, the Court finds that AISD's Motion should be granted in part and denied in part.

I.      **Background**

a.      **Factual Background**

This is an employment discrimination case arising out of Plaintiff's request to bring her service dog to work.  Doc. #38.  Plaintiff began working for AISD in 2012, and she continues to work there currently as a Human Resources Project Analyst.  *Id.* ¶ 39, 41.  Prior to working for

---

[1] Also before the Court is Plaintiff's Motion for Leave to File Surreply to AISD's Motion to Dismiss (Doc. #49) and AISD's Response (Doc. #51).  Because the proposed surreply contains "no new arguments or evidence," the Court finds Plaintiff's Motion for Leave to File Surreply should be denied. *See Williams v. Aviall Servs. Inc.*, 76 F. App'x 534, 535 (5th Cir. 2003).

AISD, Plaintiff served in the United States Army, where she suffered physical and psychological injuries. *Id.* ¶ 1. In 2017, the United States Department of Veteran Affairs ("VA") determined that Plaintiff was 100% disabled from post-traumatic stress disorder ("PTSD") and partially disabled from other service-related injuries. *Id.* Five years later, in 2022, Plaintiff obtained a service dog to assist her in coping with her psychological and physical disabilities. *Id.* ¶ 36. In August and September 2022, Plaintiff requested that she be allowed to bring her service dog to work to accommodate her disabilities. *Id.* ¶ 43. In support of her accommodation request, Plaintiff submitted two letters from VA doctors outlining her disabilities and how her service dog assisted her. *Id.* ¶ 46.

In November 2022, AISD notified Plaintiff that "the next step in [its] interactive review process involves a physician working on behalf of the district performing an examination and reviewing the medical information provided" by Plaintiff's doctors. Doc. # 39, Ex. 5 at 2. Plaintiff told AISD she would not comply with its request. Doc. #38 ¶ 59. Subsequently, on multiple occasions, AISD asked Plaintiff to undergo a medical evaluation by a district-retained doctor before it granted her accommodation, which Plaintiff refused every time. Doc. #38 ¶¶ 61, 65, 75. In January 2023, Plaintiff underwent another medical evaluation by a VA doctor and provided these results to AISD in support of her accommodation request. *Id.* ¶ 74. In addition, Plaintiff asked AISD to withdraw its request that she submit to a medical examination by a district-retained doctor, which AISD refused. *Id.* ¶ 74–75. On February 24, 2023, after this lawsuit commenced, AISD withdrew its request that Plaintiff undergo another medical evaluation and granted her requested accommodation. Doc. #22. Plaintiff now continues to work for AISD with her service dog. *Id.*

**b.    Procedural History**

On February 1, 2023, Plaintiff filed her Original Complaint, bringing claims against AISD and various AISD Trustees, who Plaintiff has since dismissed from the case.[2]  Doc. #1.  On February 6, 2023, Plaintiff filed a Motion for Temporary Restraining Order (Doc. #7), which the Court denied.  On June 5, 2023, Plaintiff filed her First Amended Complaint, which is the live pleading in this case.[3]  Doc. #38.  In her First Amended Complaint, Plaintiff alleges that, by failing to grant her accommodation request from August 2022 to February 2023, AISD violated the Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("RA"), and Section 21.001 of the Texas Labor Code ("Section 21.001").  *Id.*

**II.    Legal Standard**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint need not contain 'detailed factual allegations'; rather, it need only allege facts sufficient to 'state a claim for relief that is plausible on its face.'" *Littell v. Hous. Indep. Sch. Dist.*, 894 F.3d 616, 622 (5th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "A claim has facial

---

[2] Before Plaintiff filed her First Amended Complaint, AISD and AISD Trustees Randy Bates, Jr., Dr. Kimberley Booker, Steve Mead, Rose Avalos, Conception Esparza, Dr. Viola Garcia, and Paul Shanklin (collectively, the "Individual Defendants") moved to dismiss Plaintiff's Original Complaint.  Doc. #24.  In her Response, which is now moot, Plaintiff voluntarily dismissed her claims against the Individual Defendants.  Doc. #27 at 4 n.1.  The First Amended Complaint does not assert any claims against the Individual Defendants.  Doc. #38.  In addition, in its Motion to Dismiss Plaintiff's First Amended Complaint, AISD appears to be operating under the assumption that Plaintiff has dismissed her claims against the Individual Defendants.  Doc. #44 at 2.  Thus, to the extent Plaintiff seeks to abandon her claims against the Individual Defendants, those parties are dismissed.

[3] Prior to filing her First Amended Complaint, Plaintiff failed to seek leave to amend from this Court or to obtain written consent by the opposing party, as required by Federal Rule of Civil Procedure 15(a)(2).  However, AISD has effectively consented to amendment.  Doc. #44 at 2 n.1. In addition, the First Amended Complaint was filed prior to the Scheduling Order's deadline to amend pleadings.  Doc. #35.  Therefore, the Court deems the First Amended Complaint appropriately and timely filed as of June 5, 2023.  Doc. #38.

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 663. "Significantly, a complaint may proceed even if 'recovery is very remote and unlikely,' so long as the alleged facts 'raise a right to relief above the speculative level.'" *Littell*, 864 F.3d at 622 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).   In evaluating the complaint, the Court takes "the well-pleaded factual allegations in the complaint as true" but does "not credit conclusory allegations or allegations that merely restate the legal elements of a claim." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

### III.   Analysis

#### a.   Plaintiff's Disability Discrimination Claims

AISD moves to dismiss Plaintiff's disability discrimination claims under the ADA, RA, and Section 21.001[4] because she has failed to plausibly allege AISD made an "adverse employment decision." Doc. #44 at 3.   To prevail on a disability discrimination claim, Plaintiff must prove (1) she has a disability, (2) she is qualified for her job, and (3) AISD made an "adverse employment decision" because of her disability. *Neely v. PSEG Tex., Ltd. P'ship*, 735 F.3d 242, 245 (5th Cir. 2013).   AISD argues that "Plaintiff has not alleged that she suffered a legally cognizable adverse employment action . . . because she has not suffered an '*ultimate* employment decision.'" Doc. #44 at 5 (emphasis added) (quoting *Thompson v. Microsoft Corp.*, 2 F.4th 460, 470 (5th Cir. 2021)).

Until recently, the Fifth Circuit long held that adverse employment decisions included only

---

[4] Courts in this Circuit analyze claims under the ADA and RA together. *See Kemp v. Holder*, 610 F.3d 231, 235 (5th Cir. 2010).   Likewise, "Texas courts follow federal precedent for guidance when interpreting chapter 21." *Williamson v. Am. Nat. Ins. Co.*, 695 F. Supp. 2d 431, 452 (S.D. Tex. 2010) (internal quotations and citation omitted).   Thus, the Court analyzes Plaintiff's claims under the ADA, RA, and Texas Labor Code together.

ultimate employment decisions, such as "hiring, granting leave, discharging, promoting, or compensating." *See McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007) (internal quotations and citation omitted). However, in evaluating the meaning of "adverse employment decision" in the context of a discrimination claim under Title VII of the Civil Rights Act of 1964, the Fifth Circuit recently held that a plaintiff need not demonstrate an ultimate employment decision. *Hamilton v. Dallas Cnty.*, 79 F.4th 494, 506 (5th Cir. 2023). The Fifth Circuit decided to abandon the ultimate-employment-decision requirement because it was not consistent with the text of Title VII, which "prohibits discrimination in ultimate employment decisions . . . *but it also* makes it unlawful for an employer 'otherwise to discriminate against' an employee 'with respect to [her] terms, conditions, or privileges of employment.'" *Id.* at 501 (quoting 42 U.S.C. § 2000e-2(a)(1)).

As this Court has noted, the Fifth Circuit's holding in *Hamilton* "leaves no justification for continuing to apply the ultimate-employment-decision requirement to disability discrimination claims." *Dickerson v. U.S. Dep't of Veterans Affs.*, No. CV H-21-3805, 2023 WL 5837503, at *7 (S.D. Tex. Sept. 8, 2023). The language of Title VII that the Fifth Circuit cites in *Hamilton* is "substantially similar" to the language of the ADA, as both statutes prohibit discrimination regarding the "terms, conditions, and privileges of employment." *See* 42 U.S.C. § 12112(a); 42 U.S.C. § 2000e-2(a)(1). Moreover, the Fifth Circuit "has recognized that 'the ADA is part of the same broad remedial framework as . . . Title VII, and that all the anti-discrimination acts have been subjected to similar analysis.'" *Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 234 (5th Cir. 2001) (quoting *Miller v. Pub. Storage Mgmt., Inc.*, 121 F.3d 215, 218 (5th Cir. 1997)). Thus, Plaintiff was not required to plead facts demonstrating she suffered an ultimate employment action to support her disability discrimination claims, and AISD's Motion is therefore denied with respect

to these claims.

**b.    Plaintiff's Retaliation Claims**

AISD moves to dismiss Plaintiff's retaliation claims under the ADA, RA, and Section 21.001, arguing again that Plaintiff has not sufficiently pleaded an adverse employment action. Doc. #44 at 6.  The elements of an unlawful retaliation claim under the ADA are: "(1) engagement in an activity protected by the ADA, (2) an adverse employment action, and (3) a causal connection between the protected act and the adverse action." *Tabatchnik v. Cont'l Airlines*, 262 F. App'x 674, 676 (5th Cir. 2008).  In the retaliation context, an adverse employment action must be "materially adverse" to a reasonable employee, which "requires a showing that the challenged conduct 'well might have dissuaded a reasonable worker from [engaging in the protected activity].'" *Miles-Hickman v. David Powers Homes, Inc.*, 589 F. Supp. 2d 849, 869 (S.D. Tex. 2008) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)).

Plaintiff alleges that the following actions by AISD were "adverse" retaliatory actions: (1) "refusing to reasonably accommodate [Plaintiff's] disabilities," (2) "seriously endangering and jeopardizing [Plaintiff's] physical and psychological health and safety by refusing to allow her to have and use her service dog at work," and (3) "attempting to force [Plaintiff] to submit to a medical examination by its retained, unqualified medical provider as a condition to being allowed to have and use her service dog at work."  Doc. #38 ¶ 78.  Plaintiff further alleges that these "actions—whether singularly or collectively—could and would have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.*

AISD argues that, even assuming that "directing an employee to attend a medical evaluation in response to a requested accommodation could ever be an adverse employment action, a threatened but ultimately abandoned action is not materially adverse in the retaliation context."

Doc. #44 at 8.  The ADA allows employers to subject employees to medical examinations when it is "job-related" and "consistent with business necessity." 42 U.S.C. § 12112(d)(4)(A).  However, "[i]f an individual provides sufficient documentation to show the existence of an ADA disability and the need for reasonable accommodation, continued efforts by the employer to require that the individual see the employer's health professional could be considered retaliation."  U.S. Equal Employment Opportunity Commission, EEOC-CVG-2003-1, *Enforcement Guidance on Reasonable Accommodation and Undue Hardship Under the ADA* n.33 (2002), https://www.eeoc.gov/laws/guidance/enforcement-guidance-reasonable-accommodation-and-undue-hardship-under-ada [hereinafter *EEOC Enforcement Guidance*].

Citing *Brandon v. Sage Corporation*, AISD argues that because it ultimately granted Plaintiff's accommodation without requiring that she submit to a medical examination by its doctor, the once-requested medical examination cannot be an adverse employment action.  Doc. #44 at 8 (citing 808 F.3d 266 (5th Cir. 2015)).  However, AISD's reliance on *Brandon* is misplaced because that case does not stand for the proposition that abandoned actions cannot be materially adverse.  *See* 808 F.3d at 271.  Indeed, the Fifth Circuit noted that the threat of drastic actions by an employer could "deter someone from supporting a discrimination charge in certain circumstances." *Id.*

Here, Plaintiff alleges she submitted letters from two different medical providers to support her accommodation request in September 2022, and provided a letter from a third provider in January 2023.  Doc. #38 ¶¶ 46–48, 70.  Despite providing documentation from her medical providers, Plaintiff claims that AISD insisted, for approximately six months, that she undergo a medical evaluation by its doctor.  Given that insisting that an "individual see [an] employer's health professional could be considered retaliation" when the individual already provided sufficient

documentation to demonstrate her disability, Plaintiff has plausibly alleged an adverse employment action in the retaliation context. *See EEOC Enforcement Guidance* n.33.   AISD's Motion is therefore denied with respect to Plaintiff's retaliation claims.[5]

### c.   Plaintiff's Failure-to-Accommodate Claims

AISD next moves to dismiss Plaintiff's failure-to-accommodate claims under the ADA, RA, and Section 21.001 because AISD ultimately granted Plaintiff's requested accommodation. Doc. #44 at 8–9.  Under the ADA, "a plaintiff must prove the following statutory elements to prevail in a failure-to-accommodate claim: (1) the plaintiff is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered employer; and (3) the employer failed to make reasonable accommodations for such known limitations." *Feist v. La. Dep't of Just., Off. of the Att'y Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (internal quotations and citations omitted).  However, when an employer ultimately provides the requested accommodation, undue delay in granting that accommodation may constitute an ADA violation "to the extent it renders an accommodation (if any) unreasonable." *Schilling v. La. Dep't of Transp. & Dev.*, 662 F. App'x 243, 247 (5th Cir. 2016).

It is undisputed that AISD provided Plaintiff with her requested accommodation. *See* Doc. #22. However, Plaintiff argues that her failure-to-accommodate claim should nevertheless survive dismissal because AISD's six-month delay in granting her accommodation "seriously endanger[ed] and jeopardize[ed] her physical and psychological health and safety." Doc. #38 ¶¶

---

[5] AISD also argues that failure to accommodate her disabilities is not an adverse employment action under the ADA because retaliation and failure to accommodate are two distinct claims. Doc. #44 at 6.  Because the Court finds that Plaintiff has pleaded facts sufficient to support her retaliation claim by way of Plaintiff's allegation that AISD wrongfully subjected her to medical examinations, the Court need not reach the question of whether failure to accommodate a disability constitutes an adverse employment action.

8

77–78; Doc. #46 at 15.  Other than this bare assertion, Plaintiff does not explain how AISD's delay, if at all, impacted her physical and psychological health.  Thus, Plaintiff has not plausibly alleged that AISD's delay in granting the exact accommodation that Plaintiff requested rendered that accommodation "unreasonable."  *See Schilling*, 662 F. App'x at 247.  AISD's Motion is therefore granted with respect to Plaintiff's failure-to-accommodate claims.

### d.   Plaintiff's Hostile Work Environment Claims

AISD argues Plaintiff's hostile work environment claims under the ADA, RA, and Section 21.001 should be dismissed because Plaintiff failed to plead that she "suffered unwelcome, disability-based harassment that affected a term, condition, or privilege of employment about which [AISD] knew and failed to take prompt remedial action."  Doc. #44 at 12–13.  "To establish a hostile work environment claim under the ADA, a plaintiff must show: '(1) that she belongs to a protected group; (2) that she was subjected to unwelcome harassment; (3) that the harassment complained of was based on her disability or disabilities; (4) that the harassment complained of affected a term, condition, or privilege of employment; and (5) that the employer knew or should have known of the harassment and failed to take prompt, remedial action.'"  *Patton v. Jacobs Eng'g Grp., Inc.*, 874 F.3d 437, 445 (5th Cir. 2017) (quoting *Flowers*, 247 F.3d at 235–36).  In addition, "the disability-based harassment must 'be sufficiently pervasive or severe to alter the conditions of employment and create an abusive working environment.'"  *Flowers*, 247 F.3d at 236 (quoting *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 563 (5th Cir. 1998)).

Plaintiff alleges that AISD subjected her to a hostile work environment by (1) failing to accommodate her disabilities, and (2) requesting that she undergo medical evaluations by an AISD-retained doctor before granting her requested accommodation.  Doc. #38 ¶¶ 77–78.  Plaintiff had been working for AISD for approximately ten years before she requested an accommodation

for her disability.  Doc. #38 ¶ 39.  Moreover, the VA determined that Plaintiff was 100% disabled

five years before she requested an accommodation.  Further, Plaintiff has since received the exact

accommodation she requested.  There is nothing in the First Amended Complaint to suggest that

the six months it took AISD to evaluate Plaintiff's accommodation request created an environment

so hostile or abusive that it altered the conditions of her employment.  The Court concludes that

Plaintiff has not alleged facts sufficient to plead a plausible hostile work environment claim.  Thus,

AISD's Motion is granted with respect to Plaintiff's hostile work environment claims.[6]

## IV.    Plaintiff's Request for Leave to Amend

In her Response, Plaintiff requests leave to amend her First Amended Complaint in the

event the Court dismisses any of her claims.  Doc. #46 at 17–18.  Courts "should freely give leave

when justice so requires."  FED. R. CIV. P. 15(a)(2).  Thus far, Plaintiff has timely amended her

Complaint only once.  Doc. #35.  Given that "there is a strong presumption in favor of granting

leave to amend," Plaintiff is granted leave to amend her First Amended Complaint to address any

deficiencies highlighted here.  *See Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291

(5th Cir. 2006).

## V.    Conclusion

For the foregoing reasons, AISD's Motion to Dismiss (Doc. #44) is GRANTED as to

Plaintiff's failure-to-accommodate, hostile work environment, constructive discharge, and pattern-

---

[6] Plaintiff has also voluntarily dismissed her constructive discharge claims under the ADA, RA, and Section 21.001.  Doc. #46 at 12 n.10, 16 n.13.  In addition, to the extent Plaintiff intends to bring a pattern-or-practice claim, AISD argues it should be dismissed because it is precluded.  Doc. #44 at 13–14.  Plaintiff has not responded to this argument.  Pattern-or-practice claims "do not apply outside of class actions."  *White v. Chevron Phillips Chem. Co., LP*, No. CV H-19-187, 2020 WL 13616522, at *10 (S.D. Tex. July 30, 2020).  Because this is not a class action lawsuit, Plaintiff's pattern-or-practice claim is precluded and AISD's Motion is granted with respect to that claim.

or-practice claims under the ADA, RA, and Section 21.001.  AISD's Motion is DENIED with respect to Plaintiff's disability discrimination and retaliation claims under the ADA, RA, and Section 21.001.   Plaintiff's request for leave to amend her First Amended Complaint is GRANTED.  In addition, Plaintiff's Motion for Leave to File Surreply (Doc. #49) is DENIED. Finally, because Plaintiff voluntarily dismissed her claims against the Individual Defendants, it is hereby ORDERED that the Individual Defendants are DISMISSED from this case.

It is so ORDERED.

_____NOV 0 2 2023_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge