**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ALISHA STRIFE,** | § | |
| | § | |
| ***Plaintiff*,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:23-cv-00358** |
| | § | |
| **ALDINE INDEPENDENT SCHOOL DISTRICT,** | § | |
| | § | |
| | § | |
| ***Defendant.*** | § | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S EXPEDITED MOTION FOR EXTENSION OF MSJ2 RESPONSE DEADLINE AND REQUEST TO STRIKE PRIVILEGED COMMUNICATIONS ATTACHED TO PLAINTIFF'S EXPEDITED MOTION**

Defendant Aldine Independent School District (AISD or the District) files its Response in Opposition to Plaintiff's Expedited Motion for Extension of MSJ2 Response Deadline (Motion) and Request to Strike Privileged Communications Attached to Plaintiff's Motion as follows.

## RESPONSE

Plaintiff's request to pause or extend her Response deadline is not made in good faith, is impracticable, and should be denied because it rests entirely on alleged disputes and discovery issues *in a wholly separate lawsuit*, brought by additional parties, involving different claims, operating under a separate scheduling order, and overseen by a different judge, none of which bears on the closed discovery record *in this case* or the narrow, remaining failure to accommodate issue *in this case*. Plaintiff grounds her extension request on "long-delayed ESI production" but conflates this matter with a case that is not before this Court—*Alisha Sewall and Joseph Sewall v. Aldine Independent School District*, C.A. No. 4:25-cv-4048 (*Sewall v. AISD*), which involves,

among other things, separate claims and separate discovery requests before the Honorable Judge George C. Hanks, Jr.

Following remand from the Fifth Circuit, this Court's Scheduling Order set a June 19, 2026, discovery deadline and July 31, 2026, motions deadline. Plaintiff served no post-remand discovery, did not seek to extend the discovery deadline, raised no discovery disputes, and discovery closed on July 31, 2026, without incident. Only after AISD filed its summary judgment motion on July 30, 3026, did Plaintiff attempt to leverage the separate *Sewall* proceedings to reopen a closed record and delay her (up to) 35-page response, despite previously withdrawing a motion to consolidate the cases and proceeding under district schedules. Plaintiff's Motion should be denied for the reasons set forth below.

***A. Pertinent Background Facts.***

In her Motion, Plaintiff claims that there is "long-delayed ESI production" that necessitates an extension. Dkt. 112, pp. 1-5. However, Plaintiff conflates this matter with a separate litigation matter before Judge Hanks styled *Alisha Sewall and Joseph Sewall v. Aldine Independent School District*, C.A. No. 4:25-cv-4048 (*Sewall v. AISD*). *Id*. All of Plaintiff's issues in her Motion stem from this separate litigation matter, that involves separate claims, separate discovery requests in a separate case before Judge Hanks. *Id*.

In the instant matter, AISD previously filed a Motion for Partial Dismissal of Plaintiff's Second Amended Complaint (Dkt. 86) and Motion for Summary Judgment (Dkt. 71). On June 12, 2024, the Court issued an order (entered on June 13, 2024) granting AISD's Motion for Partial Dismissal and AISD's Motion for Summary Judgment. Dkt. 86. Thereafter, this matter proceeded to the Fifth Circuit on appeal for almost a year. *See* Dkt. 87.

On May 16, 2025, the Fifth Circuit affirmed judgment in favor of AISD on Plaintiff's claims for disability discrimination, retaliation, interference, and hostile work environment, **leaving only Plaintiff's failure-to-accommodate claim**. *Strife v. Aldine Indep. Sch. Dist.*, 138 F.4th 237, 247-48 (5th Cir. 2025) (emphasis added). On June 9, 2025, the Fifth Circuit issued Judgment and remanded this matter back to this Court for further proceedings consistent with its Opinion. Dkt. 90.

On December 9, 2025, Plaintiff filed a Motion to Reassign and Consolidate *Sewall v. AISD* with this matter. Dkt. 98. On January 13, 2026, Plaintiff withdrew her Motion. Dkt. 102. Accordingly, this matter and the *Sewall* matter proceeded separately, each with their own scheduling orders. *Cf.* Dkt. 104 (*Strife v. AISD*) and Dkt. 22 (*Sewall v. AISD*).

On March 13, 2026, this Court issued a Scheduling Order setting a discovery deadline of June 19, 2026, and a motions deadline of July 31, 2026. *See* Dkt. 104. Since remand and issuance of this Court's Scheduling Order, Plaintiff did not serve AISD with any additional discovery requests and AISD supplemented its production based upon informal email exchanges with Plaintiff's counsel. Dkt. 112, pp. 2-3. At no point did Plaintiff seek to extend the discovery deadline in this matter. At no point did Plaintiff raise a discovery dispute issue in this matter with AISD's counsel or this Court. The June 19, 2026, discovery deadline expired without incident.

Following a discovery dispute hearing in the separate *Sewall v. AISD* matter, the parties filed a Joint Motion for Entry of Amended Docket Control Order in that matter, which remains pending before the Honorable Judge George C. Hanks Jr. *See* Dkt. 33 (*Sewall v. AISD)*. The discovery issues in *Sewall v. AISD* have been ongoing; however, in early July 2026, the parties agreed upon search terms, AISD again searched email servers and mobile phones with these new search terms provided by Plaintiffs Alisha Sewall and Joseph Sewall, and supplemented its

production. At no point in the *Sewall v. AISD* discovery dispute was the instant lawsuit referenced. Also, at no point before AISD filed its Motion for Summary Judgment did Plaintiff in the instant matter seek an extension of the discovery deadline or raise any discovery issue regarding missing documentation. It was not until Plaintiff had to respond to AISD's Motion for Summary Judgment, filed on July 30, 2026, that Plaintiff now impliedly attempts to reopen discovery on a closed record and delay the filing of her (up to) 35-page Response.

AISD's Motion for Summary Judgment seeks dismissal of Plaintiff's only remaining claim—failure to accommodate. *See id*.

On August 11, 2026, Plaintiff's counsel conferred with counsel for AISD regarding Plaintiff's Motion for Leave to Exceed the Court's Page Limitations in her Response to AISD's Motion for Summary Judgment. **08.11.24 Email exchange, attached as Exhibit A**. At no point during that exchange did Plaintiff seek an extension of the Response deadline or reference the *Sewall v. AISD* matter as a basis for such extension. *Id*. On August 17, 2026, Plaintiff's counsel emailed counsel for AISD the following, in an email exchange regarding the separate *Sewall v. AISD* matter:

Sewall v. AISD - ASID ESI Production

Scott Newar <newar@newarlaw.com>
To Melissa Goins
Cc Candice; Dennis Herlong; Paul Lamp
You replied to this message on 8/17/2026 2:22 PM.

Mon 8/17/2026 9:53 AM

Melissa:

We received AISD's supplemental production that you transmitted with your 8/14/26 email below and are in the process of reviewing that supplemental production.

After completing that review, we will notify you of any concerns/issues.

Since we need time to review and evaluate that supplemental production and are still awaiting AISD's production of Dr. Gofney's emails/texts—which are due on 8/28/26—we intend to file a motion for extension of time to file Ms. Strife's response to AISD's pending MSJ.

We intend to request that the Court allow Ms. Strife until 9/4/26 to file that response.

Accordingly, please notify us by 5:00 p.m. today whether AISD is opposed or unopposed to the requested extension, so we can advise the Court.

Thanks—Scott

Scott Newar
Newar Law Firm
440 Louisiana, Suite 900
Houston, Texas 77002
Office: 713-226-7950
Cell: 832-724-6898
E-Mail: newar@newarlaw.com

---

AISD opposed Plaintiff's requested extension because discovery in a separate matter is irrelevant to the instant matter. **08.17.26 Email exchange, attached as Exhibit B**. Counsel for AISD further noted that discovery in this matter closed on June 19, 2026. *Id*.

Plaintiff then filed her "Expedited Motion for Extension of MSJ2 Response Deadline." Dkt. 112. AISD opposes Plaintiff's request for an extension of Plaintiff's Response deadline because of Plaintiff's represented reason—"need[ing] time to review and evaluate…supplemental production" in a completely separate matter is utterly irrelevant to this case. Ex. B.

### *B. Arguments and Authorities.*

<u>Plaintiff's Reason Does Not Constitute Good Cause</u>

Rule 6(b)(1)(A) governs Plaintiff's request as the request is made before the original deadline expires. Fed. R. Civ. P. 6(b)(1)(A). Although courts have described this as a "non-

rigorous standard," the grant of an extension is permissive, not mandatory as the rule's use of "may" confirms that the court retains broad discretion to deny even a timely-filed request. *See McCarty v. Thaler*, 376 F.App'x 442, 444 (5th Cir. 2010) (confirming that even where good cause or excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)). Reviewing discovery in a completely separate, unrelated litigation matter does not constitute good cause to extend the time to respond to a summary judgment motion in the instant case. *See Wichita Falls Off. Assocs. V. Banc One Corp.*, 978 F.2d 915, 920 (5th Cir. 1992) (holding that a non-movant party may not rely merely on vague assertions that discovery will produce some unrelated, unspecified facts).

Additionally, Plaintiff's Motion should be denied as her stated reason reflects a lack of diligence in this matter. The Fifth Circuit has held that the trial court need not aid non-movants who have occasioned their own predicament through sloth. *Wichita Falls Off. Assocs.*, 978 F.2d at 919. Plaintiff's decision to prioritize review of discovery in a separate litigation mater over timely responding to AISD's pending MSJ in this case is a self-created predicament that does not constitute good faith and impliedly seeks to supplement a closed record. *See Dominick v. Mayorkas*, 52 F.4th 992, 995 (5th Cir. 2022) (affirming denial of a continuance request where plaintiff's failure to take any action to engage in discovery for 57 of a 60-day extension grant was fatal to her request). The only Exhibits attached to Plaintiff's Motion that pertain to this case are Exhibits A through F. Plaintiff's Exhibits G through M pertain to *Sewall v. AISD*, and consist of separate, new discovery requests issued in that matter, regarding separate claims, separate witnesses, and separate requested information. Plaintiff's attempts to take her various grievances she has in her separate lawsuit—*Sewall v. AISD*—and relitigate them here are wholly improper and her Motion should be denied.

Plaintiff Fails to Satisfy Rule 56(d) Requirements

Where the extension sought is in connection with a need for additional discovery or evidence to respond to the summary judgment motion, Rule 56(d) also governs. Fed. R. Civ. P. 56(d). Rule 56(d) provides that if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may defer considering the motion, allow time to obtain affidavits or declarations or to take discovery. *Id*. The Fifth Circuit has held that to qualify for Rule 56(d) relief, a party must show both why it is currently unable to present evidence creating a genuine issue of fact and how a continuance would enable the party to present such evidence, and the party may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts in opposition to summary judgment. *See Access Telecom, Inc. v. MCI Telecommunications Corp.*, 197 F.3d 694, 719-20 (5th Cir. 1999); *see also Baker v. Am. Airlines, Inc.*, 430 F.3d 750, 756 (5th Cir. 2005) (holding that the simple claim that discovery has not closed is insufficient to support a motion to extend the time to respond to a motion for summary judgment).

Here, discovery closed two months ago, and even before that, Plaintiff did not serve any discovery requests upon AISD post-remand. Accordingly, the summary judgment record in this case is and has been closed. The Fifth Circuit has established that in deciding whether to allow a reopening of the summary judgment record, trial courts must weight: (1) the importance and probative value of the evidence; (2) the reason for the moving party's failure to introduce the evidence earlier; and (3) the possibility of prejudice to the non-moving party. *Chieftain Int'l (U.S.), Inc. v. Se. Offshore, Inc.*, 553 F.3d 817, 820 (5th Cir. 2008). Under this framework, Plaintiff's Motion fails on all three factors.

First, evidence from a separate litigation matter has no established importance or probative value to the issues in this case. The Plaintiff previously withdrew her Motion to Reassign and Consolidate and both matters proceeded separately—before separate judges, under separate scheduling orders, with separate claims, and separate discovery requests. Second, Plaintiff's complete failure to engage in additional discovery post-remand is not a legitimate justification for extending her Response period in speculating about reopening a closed record. Third, granting the extension for Plaintiff's cited reason would prejudice AISD by delaying the resolution of AISD's fully briefed MSJ on the sole remaining issue of failure to accommodate and requiring AISD to respond to speculative evidence from a wholly separate proceeding.

Broad Judicial Discretion Supports Denial

Even if Plaintiff could articulate some colorable justification, which she cannot, the Court retains broad discretion to deny the Motion under *McCarty v. Thaler*. 376 F.App'x at 444. If the Court is included to grant an extension, AISD requests that the Court limit the scope of any extension to the minimum necessary and expressly prohibit the Plaintiff from introducing evidence from the separate litigation matter into the summary judgment record in this case.

**AISD'S REQUEST TO STRIKE PRIVILEGED COMMUNICATIONS ATTACHED TO PLAINTIFF'S MOTION**

Exhibit D to Plaintiff's Motion is entirely comprised of privileged communications with AISD's General Counsel, Ms. Kaye DeWalt, which were inadvertently produced during discovery. Plaintiff filed her Motion and exhibits at 9:45 p.m. on August 17, 2026. This morning, counsel for AISD reviewed Plaintiff's Motion and exhibits and identified the inadvertently privileged communications for the first time. Immediately after identifying the privileged documentation, counsel for AISD emailed counsel for Plaintiff at 9:29 a.m., identifying the privileged communications attached to Plaintiff's Motion, specifically Exhibit D, and requested that Plaintiff

withdraw the privileged documentation and destroy them. As of the time of this filing, Plaintiff's counsel has not responded. **08.18.26 Email attached as Exhibit C.**

Pursuant to Rule 26(b)(5)(B), AISD notified Plaintiff's counsel of the inadvertent production of privileged communications the instant it was identified. Fed. R. Civ. P. 26(b)(5)(B). The receiving party's (Plaintiff) obligation is to promptly return, sequester, or destroy the specified information and any copies; to not use or disclose the information until the claim is resolved; and to take reasonable steps to retrieve the information if it was disclosed to non-parties before the notice was received. *Id*.

Moreover, inadvertent production does not waive the attorney-client privilege where the disclosure was inadvertent, reasonable steps were taken to prevent disclosure, and the privilege holder promptly took reasonable steps to rectify the error. Fed. R. Evid. 502(b). The Fifth Circuit recognizes that inadvertent production does not automatically waive the attorney-client privilege and considers, among other circumstances, "the amount of time taken to remedy the error" and "the overriding issue of fairness." *Alldread v. City of Grenada*, 988 F.2d 1425, 1433-34 (5th Cir. 1993). Here, AISD asserted the privilege and demanded withdrawal and destruction of the communications immediately upon discovering the inadvertent production. Accordingly, AISD requests that Exhibit D to Plaintiff's Motion be stricken.

**Prayer**

Defendant Aldine Independent School District requests that the Court deny Plaintiff's Motion and strike Exhibit D to Plaintiff's Motion as it consists entirely of privileged communications.

Respectfully submitted,

SPALDING NICHOLS LAMP LANGLOIS

/s/ Melissa M. Goins
MELISSA M. GOINS
State Bar No. 24074671
mgoins@snll-law.com
PAUL A. LAMP
State Bar No. 24002443
plamp@snll-law.com
3700 Buffalo Speedway, Suite 500
Houston, Texas 77098
Telephone: 713/993-7066
Facsimile: 888/726-8374

ATTORNEYS FOR DEFENDANT AISD

**CERTIFICATE OF CONFERENCE**

I hereby certify that on August 18, 2026, at 9:29 am, after reviewing Plaintiff's Motion and identifying attached privileged communications that were inadvertently produced, I conferred in good faith via email with opposing counsel requesting Plaintiff withdraw the documentation in Plaintiff's Exhibit D and destroy or AISD would seek relief from the Court. At the time of filing this Response and Request, Plaintiff's counsel had not responded to the undersigned's email.

/s/ Melissa M. Goins
ATTORNEY FOR DEFENDANT AISD

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record via electronic mail and/or ECF on August 18, 2026, addressed as follows:

Scott Newar
440 Louisiana Street, Suite 900
Houston, Texas 77002
newar@newarlaw.com
*(Attorney for Plaintiff)*

/s/ Melissa M. Goins
ATTORNEY FOR DEFENDANT AISD