IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ALISHA STRIFE,** | § | **NO. 4:23-cv-358** |
| | § | |
| **Plaintiff** | § | **JURY DEMANDED** |
| **v.** | § | |
| | § | |
| **ALDINE INDEPENDENT** | § | |
| **SCHOOL DISTRICT** | § | |
| | § | |
| **Defendant** | § | |

**PLAINTIFF'S RESPONSE TO AISD'S SECOND MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Alisha Strife, files this Response To AISD's Second Motion For Summary Judgment and respectfully asserts as follows:

I. **Introduction**

On May 16, 2025, the Fifth Circuit reversed this Court's dismissal of Plaintiff, Alisha Strife's ("Strife") ADA, Rehabilitation Act ("RA"), and Tex. Labor Code § 21.001 *et seq.* ("TLC") failure-to-accommodate claims under Fed. R. Civ. P. 12(b)(6), holding Strife had sufficiently pled facts in her Second Amended Complaint ("SAC") that "could allow a factfinder to conclude that [AISD] unjustifiably delayed and thus, failed to accommodate, her accommodation request*." See Strife v. Aldine Indep. Sch. Dist.*, 138 F.4th 237, 242 (5th Cir. 2025). The Fifth Circuit held that the SAC's following factual allegations—if established by the evidentiary record—would allow a factfinder to conclude that AISD failed to reasonably accommodate her physical and psychological disabilities: 1) During the "interactive process," AISD failed to offer Strife any reasonable accommodation(s) of her disabilities; 2) Strife only requested AISD allow her to have and use her service dog at work and did not require AISD to

procure a service dog or modify her workplace; 3) AISD's delay in accommodating Strife's disabilities forced Strife to work under suboptimal conditions; 4) AISD granted Strife's service dog request only after she filed suit and within weeks of a scheduled preliminary injunction hearing; and 5) AISD "insist[ed]" Strife undergo an independent medical examination despite Strife providing it with information that confirmed her disabilities and need for accommodation. *Id.*

As detailed below, the evidentiary record—rendered and viewed in the light most favorable to Strife, as Fed. R. Civ. P. 56 requires—establishes the truth of those allegations. That record also establishes *both* that AISD failed to conduct the "interactive process" in good-faith *and* failed reasonably to accommodate Strife's disabilities and, thereby, violated her rights under the ADA, RA, and TLC. *See Way v. City of Missouri City, Texas*, 133 F.4th 509, 520 (5th Cir. 2025) (Employee prevails on a failure-to-accommodate claim by proving the employer ***either*** failed to engage in a good-faith "interactive process" ***or*** failed reasonably to accommodate employee's disability). As a result, AISD's second Motion for Summary Judgment ("MSJ2")—which fails to fully or accurately render the evidentiary record, distorts the Fifth Circuit's opinion, and cites other Fifth Circuit cases that are not on point or are distinguishable—should be denied and Strife afforded a trial by jury.

## II. Facts

Following are the facts rendered in the light most favorable to Strife and with all reasonable inferences drawn in her favor, as Fed. R. Civ. P. 56 requires.

### A. Strife Suffers Disabling Physical and Psychological Injuries Serving In The United States Army In Iraq

Alisha Strife ("Strife") is 41 years old, married, and the mother of three children. Strife

and her family reside in Magnolia, Texas.[1]

In February 2003, Strife enlisted in the United States Army. In late 2003/early 2004, the U.S. Army deployed Strife first to Kuwait and then to Iraq to support "Operation Iraqi Freedom."[2] While in Iraq, Strife sustained a Traumatic Brain Injury ("TBI"), shoulder injury, leg injury, and PTSD.[3] The Army medically discharged Strife in May 2025.[4]

As a result of her service-related injuries, Strife has undergone multiple surgeries over the last fifteen years, including two leg surgeries; Tibial Tubercle Osteotomy and Medial Patellofemoral Ligament ("TTO/MPFL") reconstruction; and hip surgery.[5] Strife has also undergone extensive treatment for PTSD, major depression, and anxiety.[6]

**B. Strife Excels As An AISD Teacher, Teaching Coordinator, And Project Analyst**

In 2010, Strife obtained a bachelor's degree in elementary education from Stephen F. Austin State University. [7] After obtaining her degree, Strife taught pre-school. [8]

In the fall 2012, Strife began working in AISD as an elementary school teacher.[9] Because of her disabling PTSD, anxiety, and depression, Strife was unable to continue teaching and

---

[1] *See* Exhibit A (9/3/26 Declaration of Alisha Sewall), at paras. 2, 4

[2] *See* Exhibit B (Deposition of Alisha Strife) at 9:7-17.

[3] *Id.*, at 9:25-11:12.

[4] *Id.*, at 11:16-21.

[5] *See* Exhibit B at 32:14-33:1.

[6] *See* Exhibit B, at 36:22-37:11; 37:19-24.

[7] *See* Exhibit B at 12:10-18.

[8] *Id.*, at 12:13-24.

[9] *See* Exhibit B, at 13:9-15.

transitioned to AISD Testing Coordinator, which she performed well for approximately six years.[10]

In July 2022, AISD promoted Strife to Project Analyst in its Human Resources department. [11] As a Project Analyst, Strife helped AISD procure from the State of Texas and administer Teacher Incentive Allotments ("TIA"), which are state-funded financial incentives for high-performing teachers. [12] As a Project Analyst, Strife worked in an enclosed office in AISD's central administration building. The most direct route to Strife's office from the AISD parking lot required Strife to climb a steep stair bank. [13]

**C. VA Deems Strife "100%" Disabled From PTSD and Depression**

In 2017, the Veterans Administration ("VA") deemed Strife 100% disabled from her service-related PTSD and depression; 20% disabled from a right knee subluxation; 10% disabled from a left chronic ankle sprain; and 10% disabled from joint disease in her right knee.[14]

Strife's 100% service-related disability from PTSD and depression is not anomalous. According to the VA, up to 20% of military veterans who served in "Operation Iraqi Freedom" and "Operation Enduring Freedom" suffer from PTSD.[15]

**C. The Rescue For PTSD Awards Strife A Certified Service Dog**

---

[10]*Id.*, at 13:19-21; 14:4-7.

[11]*Id.*, at 14:15-15:11.

[12] *See* Exhibit B, at 17:12-16; see also https://tiatexas.org/

[13]See Exhibit B, at 39:7-40:2; 42:14-43:7; 45:25-46:13; Exhibit C (2/29/24 Declaration of Alisha Sewall), at para.1-2

[14]Exhibit D (8/21/17 VA letter)

[15] *See "Improving Healthcare for Veterans with PTSD," VA Health Systems Research*, June 2022, available at https://www.hsrd.research.va.gov/news/feature/ptsd-0622.cfm

Before 2021, Strife tried numerous standard PTSD treatments—to little or no avail.[16] Therefore, in 2021, Strife applied for a service dog from The Rescue for PTSD ("RPTSD"), a non-profit organization that trains and provides services dogs to military veterans suffering from PTSD. In June 2022 RPTSD awarded Strife a certified PTSD service dog named "Independence" (a/k/a "Inde").[17] "Inde" assists Strife with both her physical and psychological disabilities. Specifically, "Inde" helps Strife rise and stand from a seated position and maintain her balance and gait; protects her from falling and assists her when she falls; and helps alleviate her PTSD.[18]

### D. Strife Requests AISD Reasonably Accommodate Her Physical/Psychological Disabilities By Allowing Her To Use "Inde" At Work

On August 30, 2022, Strife first requested AISD reasonably accommodate her physical and psychological disabilities by allowing her to have and use "Inde" at work. Strife submitted an ADA accommodation request to AISD through its third party contractor, Broadspire.[19] Strife did ***not*** request that AISD alter or modify its workplace or her job in any respect.[20]

### E. AISD's EAC Fails To Evaluate Strife's Requested Accommodation

AISD's Employee Accommodations Committee ("EAC") is an *ad hoc* committee that reviews and adjudicates AISD employees' requests for ADA accommodations. In 2022, most EAC members lacked any knowledge, experience, or training regarding the ADA.[21] The EAC

---

[16]*See* Exhibit B, at 36:22-37:11; 37:19-24.

[17]*See* Exhibit B, at 19:2-20:1; 21:16-22:6; Exhibit L (9/5/22 RPTSD Letter)

[18]*See* Exhibit B, at 35:13-36:5; 36:12-21; Exhibit L

[19]Exhibit E (Mindy Smith's Deposition), at 57:22-58:21.

[20] *See* Exhibit A, at para. 5

[21]Exhibit B, at 36:1-36:15; Exhibit E, at 51:9-15; 194:19-195:6

also had no policies or procedures.[22]

In 2022, Mindy Smith ("Smith")—an AISD Human Resources Executive Director—was the EAC's chairperson.[23] Smith has no graduate degree and—as of the 2022-2023 school year—her only medical-related experience was having worked as a nurse's aide 25 years before.[24]

According to AISD, the EAC held "standing meetings" each Friday during the 2022-2023 school year to evaluate employee accommodation requests.[25] Yet, as will be demonstrated below, from late September 2022 through late February 2023 the EAC failed to meet and evaluate the extensive information supporting Strife's service dog accommodation request that she, her VA doctors, and her undersigned counsel tendered to AISD throughout that period.

On September 16, 2022, the EAC met to consider Strife's service dog accommodation request. The EAC refused to approve Strife's accommodation at that time and—as detailed below—over the ensuing five months. [26] According to AISD, the reason the EAC refused to approve Strife's accommodation request at that time—and over the ensuing five months—is because it wanted to "explor[e] whether there [were] less burdensome accommodations available…"[27] Yet, neither on September 16, 2022 nor over the ensuring five months did the

---

[22]Exhibit E, at 39:1-7; 192:24-193:10.

[23]*See* Exhibit E, at 38:19-25; 39:22-23.

[24] *See* Exhibit E, at 80:18-20; *Id.*, at 157:23-158:2

[25] *See* MSJ2, at 5.

[26]*See* Exhibit I (Defendant's Second Supplemental Objections and Answers to Plaintiff's First Set of Interrogatories), at Response 2 (emphasis added).

[27] *Id.*, at 12:11-13 (emphasis added) ("We don't have an objection to [Strife's service dog], but we are exploring whether there are other ***less burdensome*** accommodations available…")

EAC or any AISD representative propose or offer Strife ***any*** accommodation of any kind.[28] Moreover, neither then nor since has AISD explained why it deemed Strife's trained, certified service dog to be "burdensome."

### F. Strife's VA Doctors Confirm Her Disabilities And Need For A Service Dog To Reasonably Accommodate Them

Smith notified Strife of the EAC's decision. Therefore, on September 26, 2022, Strife tendered to Smith a September 22nd letter from Dr. Lisa Miller—a VA Doctor of Pharmacology who has treated Strife for PTSD, depression, and anxiety since 2007.[29] In her letter, Dr. Miller stated that Strife requires a service dog for her PTSD and TBI.[30] On September 26, 2022, Strife tendered to Smith Dr. Miller's September 22nd letter.[31]

On September 27, 2022, Smith informed Strife that Dr. Miller's September 22nd letter was "***exactly*** what [AISD] needs…"[32] Yet, Smith informed Strife that AISD required a ***"Medical Doctor"*** to provide this "exact" information.[33] Smith further notified Strife that AISD expected

---

[28] *See* Exhibit E, at 187:2-6. Smith testified in her November 30, 2023 deposition:

> Q. Did AISD ever offer Ms. Strife any accommodation of any kind during the time period of late August of 2022 up until around 3:30 or 3:45 p.m. on February the 24th of 2023?
>
> **A. No.**

*Id.* (emphasis added)

[29] Dr. Miller has a specialization in psychiatric pharmacology. *See* Exhibit J (12/21/22 Dr. Miller letter)

[30] *See* Exhibit K (9/22/22 Dr. Miller Letter)

[31] *See* Exhibit M (Alisha Strife's 9/27/22 email)

[32] *See* Exhibit M (emphasis added); Exhibit E, at 96:4-19; Exhibit B, at 27:25-28:14. AISD's MSJ2 omits this fact.

[33] *See* Exhibit M (emphasis added); Exhibit E, at 99:24-100:3.

the "medical doctor" to be ***"board-certified***."[34]

In response, Strife informed Smith that Dr. Miller was her primary treating doctor at the VA. Strife also provided Smith with a link to an online VA article that explains that, because the VA has a shortage of primary and specialty care providers, VA Pharmacology doctors—like Dr. Miller—provide "direct patient care" to veterans.[35]

Nevertheless, in a good-faith attempt to comply with AISD's request, Strife obtained and tendered to Smith on September 29, 2022, a letter from Dr. Gurtej Mann—her VA treating psychiatrist.[36] In his September 29th letter, Dr. Mann states that Strife suffers from PTSD, TBI, and osteopenia. Dr. Mann further state that a service dog would be "invaluable" to Strife's "mental and physical health recovery." *Id.* Despite receiving the "exact" information it had requested from a ***medical doctor***, AISD still refused to approve Strife's service dog.

**G. Smith Attempts To Procure Strife's Medical Information Without Authorization**

Instead, on October 14, 2022, Smith—*without* Strife's knowledge or HIPAA authorization—drove to the Houston VA headquarters and attempted to elicit information about Strife's medical condition from Dr. Mann and Dr. Miller.[37] In her deposition, Smith stated that she went to the VA to request that Drs. Mann and Miller "verify" their September 22nd (Miller) and September 29th (Mann) letters[38] Yet, in his deposition, Dr. Javier Villarreal—AISD's then-

---

[34] *Id.* (emphasis added). AISD's MSJ2 omits this fact.

[35] *See* Exhibit M

[36] *See* Exhibit N (11/1/22 JAQ); Exhibit B at 28:16-25.

[37] Exhibit G, at 46:24-48:5; Exhibit E, at 148:21-151:8.

[38] *Id.*, at 150:16-23.

Chief Human Resources Officer and Smith's immediate supervisor[39]—testified that Smith went to the VA to elicit information from Drs. Miller and Mann about Strife's ***medical condition***, including her "physical limitations."[40] The VA refused to allow Smith to speak with Drs. Mann and Miller because Smith lacked written authorization to do so.

**H. Strife Pleads With AISD To Approve Her Service Dog**

By late October 2022 AISD still had not approved Strife's accommodation request. Therefore, on October 20, 2022, Strife emailed Smith to "check…the status" of her accommodation request and to "see if [Smith] need[ed] anything else from [Strife]" to approve that request.[41] Smith did not respond to Strife's email.[42]

Therefore, on October 24, 2022, Strife emailed Smith again to request an update on the status of her accommodation request. Strife advised Smith that she (Strife) had not "heard anything [from AISD] since late September." Strife requested that Smith specify what—if any—additional information AISD still needed to approve her accommodation request.[43]

**I. AISD Continues To Stonewall Strife's Service Dog Request**

On October 28, 2022, Smith notified Strife that her doctor must complete Broadspire's "Job Accommodation Questionnaire" (JAQ). Therefore, on November 1, 2022, Strife tendered to Smith and uploaded to Broadspire's electronic portal the JAQ that Dr. Mann completed on that

---

[39] Exhibit G (Deposition of Javier Villarreal), at 21:13-22:2.

[40] *See* Exhibit G, at 46:24-47:22.

[41] *See* Exhibit O (AISD064-065).

[42] *See* Exhibit A, at para. 6. AISD's MSJ2 omits Strife's October 20, 2022 email and Smith's failure to respond to that email.

[43] *See* Exhibit P (AISD066-070). AISD's MSJ2 omits Strife's October 24, 2022 email to Smith.

date. [44]

In his November 1st JAQ, Dr. Mann stated that Strife suffers from Major Depression, PTSD, Anxiety disorder, Traumatic Brain Injury ("TBI"), and osteopenia. Dr. Mann further stated that these conditions affect Strife's "balance" and, therefore, impair her walking and lifting.[45] Dr. Mann further stated that a service animal could assist Strife by "grounding" her when she falls and applying "deep pressure" to alleviate her anxiety. Dr. Mann also made clear that a service dog was the ***only*** reasonable accommodation of her disabilities. Specifically, AISD/Broadspire posed the following question to Dr. Mann:

> Are there ***any*** reasonable accommodations you would suggest that may enable the individual to overcome the functional limitations referenced above and thereby enable the individual to perform the job duty(s)? If so, ***please specify the reasonable accommodation*** and explain the factual and medical reasons why you believe ***the suggested accommodation*** is likely to be effective in addressing the individual's functional limitations.[46]

Dr. Mann answered that question, in relevant part, as follows:

> ***"Having support of service animal."***[47]

Yet, despite Dr. Mann's *second* confirmation that Strife required a service dog and that, in his medical opinion, a service dog was the sole reasonable accommodation of her disabilities, AISD still refused to approve "Inde."

Moreover, in violation of EAC protocol, the EAC did not convene any "standing" Friday meetings in November 2022 to review and evaluate Dr. Mann's JAQ.[48] Instead, according to

---

[44] *See* Exhibit Q (11/1/22 Alisha email to Mindy Smith).

[45] *Id.*

[46] *Id.,* at Question 4 (emphasis added).

[47] *Id.* (emphasis added)

[48] *See* Exhibit R. Smith's internal spreadsheet (Exhibit R) does not contain any entry showing

AISD, *Smith and Villareal* decided that AISD would compel Strife to undergo an examination by "a third-party medical provider to get information" that—AISD claimed—"the EAC still needed to finalize the interactive process."[49] As demonstrated below, Smith and Villareal's decision to force Strife to undergo a third-party medical examination violates both the ADA and its own internal policy.

**J. AISD's Attempt To Force Strife To Undergo A Medical Exam Violates ADA**

Under the ADA, an employer may compel an existing employee, such as Strife, to undergo a medical examination ***only*** where that examination is ***both*** "job-related" ***and*** "consistent with business necessity." *See* 42 U.S.C. section 12112(d)(4)(A) (emphasis added).

In her deposition, Smith admitted that AISD decided to force Strife to undergo a medical examination by its retained doctor because—without any evidence—AISD deemed "Inde" to be an "emotional support animal," not a service animal.[50] Therefore—Smith further admitted—AISD refused to credit Dr. Mann's (and Dr. Miller's) certifications that Strife required a service dog for her ***psychological*** disabilities[51] and determined that it would approve Strife's service dog only if an AISD-retained doctor—after conducting a full medical examination of Strife—opined that the dog was necessary to accommodate her ***physical*** disabilities.[52] As detailed below, under these circumstances, AISD's decision to force Strife to undergo a medical examination clearly violates the ADA.

---

that the EAC met in November 2022 to review Dr. Mann's JAQ.

[49] *See* MSJ2, at 5.

[50] *See* Exhibit E at 111:1-112:25.

[51] *See* Exhibit E at 115:14-116:9 (stating Mann's November 1, 2022 JAQ was "not enough").

[52] *Id.*

AISD's attempt to force Strife to undergo a third-party medical exam also violated its *own* policy. Under AISD policy, AISD could compel an existing employee—like Strife—to undergo a medical examination only under the following circumstances: 1) information received…indicates the employee has a physical or mental impairment that interferes with the employee's ability to perform essential job functions; or 2) the employee poses a direct threat to the health or safety of the employee or others…"[53]

On November 3, 2022, Smith memorialized that Strife ***could*** perform her ***essential*** Project Analyst job duties with or without reasonable accommodation.[54] Furthermore, AISD has never contended that Strife or "Inde" presented a "direct threat" to AISD employees or herself.[55] Therefore, AISD violated its own policy by attempting to force Strife to undergo a complete medical examination by its retained doctor.

**K. Strife Objects To AISD's Compulsory Medical Examination**

On November 11, 2022, Smith notified Strife of AISD's decision to require her to undergo a complete medical examination by an AISD-retained physician.[56] Strife responded by informing Smith that the compulsory medical examination and AISD's continued stonewalling of her reasonable accommodation request violated the ADA and, therefore, she had no choice but to file a Charge of Discrimination with the EEOC.[57]

---

[53] *See* Exhibit S (AISD Legal Policy) (emphasis added).

[54] *See* Exhibit T (Mindy Smith's ADA Compliance Questionnaire); Exhibit E, at 27:5-30:5.

[55] AISD failed to file an Answer in this litigation and, therefore, has waived any "direct threat" or "undue hardship" defense.

[56] *See* Exhibit U (AISD 544).

[57] *Id.*

In response to AISD's medical examination directive, RPTSD transmitted a second letter to AISD on November 11, 2022. In that letter, RPTSD stated that AISD's attempt to compel Strife to undergo a medical examination violated the ADA and requested that AISD provide it with an explanation within two business days.[58]

Apparently angered by RPTSD's letter, Smith—acting at DeWalt's direction[59]—immediately demanded that Strife notify AISD whether RPTSD's letter signified that she was "refusing to continue the interactive process…"[60] Smith reiterated that AISD required Strife to undergo a medical examination by an AISD-retained doctor—an exam that, as explained above, violated both the ADA and AISD's internal policy.[61]

Because AISD refused to retract its illegal demand that Strife submit to a medical examination by its retained doctor, Strife retained outside legal counsel to assist her. On November 18, 2022, Scott Newar ("Newar")—a Houston attorney—transmitted a letter to AISD Superintendent Gofney. In that letter, Newar—like RPTSD—asserted that AISD's demand that Strife undergo a medical examination by an AISD-retained physician and its continuing refusal to approve Strife's service dog request violated the ADA and Texas law. Therefore, Newar demanded that AISD retract the medical examination directive and immediately approve Strife's service dog accommodation request.[62]

---

[58] *See* Exhibit V; Exhibit N.

[59] *See* Exhibit U. In her internal notes for November 11, 2022 (3:35 p.m.), Smith recorded that, after receiving O'Connell's November 11th letter, she (Smith) went to DeWalt for "advi[c]e."

[60]*See* Exhibit W.

[61] *Id.*

[62] *See* Exhibit Y**.** AISD omitted from its MSJ2 any reference to Newar's November 18, 2022 letter.

**L. AISD Continues To Stonewall Strife's Service Dog Request**

In a November 18th email, DeWalt responded to Newar's letter. DeWalt stated that AISD refused to retract its demand that Strife submit to a medical examination by an AISD-retained physician.[63] Therefore, on November 19th, Newar emailed DeWalt and requested that AISD provide Strife information pertaining to its continuing refusal to approve her service dog request, including specifying any ***"additional accommodations"*** AISD was considering.[64]

AISD never provided Strife with the information Newar requested, including any "additional accommodations" it was purportedly considering.[65] Instead, on December 5, 2022, DeWalt transmitted to Newar a letter stating that AISD refused to retract its demand that Strife submit to a medical examination by an AISD-retained physician.[66] According to DeWalt, the compulsory medical examination was necessary because: 1) Dr. Miller's September 22, 2022 letter was "unsigned"; 2) Dr. Miller's signature line in that letter contained the word, "Dr."; and 3) Dr. Mann's September 29, 2022 letter was not on VA "letterhead" and contained "only an electronic signature."[67]

In light of Smith's admission in her deposition that AISD ordered Strife to submit to a medical examination because it considered "Inde" to be an "emotional support animal"—not a service animal—DeWalt's above-stated reasons for continuing to demand Strife submit to a

---

[63] *See* Exhibit Z. AISD omitted from its MSJ2 any reference to DeWalt's November 19, 2022 response.

[64] *See* Exhibit Z. AISD omitted from its MSJ2 any reference to Newar's November 18, 2022 email.

[65] *See* Exhibit Z. AISD also omitted this fact from its MSJ2.

[66] See Exhibit JJ, at 3. ("[W]e cannot withdraw our request that Ms. Strife is [sic] examined by a medical provider…").

[67] *Id.*

medical examination by an AISD-retained physician were pretexts designed to justify AISD's refusal to allow Strife to work with "Inde."[68]

**M. AISD Schedules Strife For A Compulsory Medical Exam With AISD's Hand-Picked Doctor—In Violation of AISD Protocol**

In late December 2022, AISD took steps that—a reasonable factfinder could find—were designed to rig Strife's compulsory medical examination. On December 20, 2022, Smith emailed DeWalt as follows:

> Concentra Occupational health is a "walk-in" facility. When Alisha arrives they will pull the documents that I sent from their email box and ***assign the exam to the doctor on duty. I can try to schedule an appointment, but this would be different course of action, then what we have done in the past. Please advise if you want me to proceed in trying to schedule an appointment with a specific doctor.***[69]

Shortly thereafter, Dr. Villareal responded to Smith's email, in relevant part, as follows:

> ***I recommend that we follow the same process we do with other employees.*** I say that we inform her of where to go and allow her to go on January 5 or 6 during work hours.[70]

Yet, AISD did *not* follow the "same process" that it used with its other employees whom it referred to Concentra. On December 22, 2022, Smith called Dr. Nguyen, the Concentra Medical Director. During their conversation, Smith arranged with Nguyen for Nguyen to conduct

---

[68] DeWalt also attempted to justify AISD's continuing demand that Strife submit to a medical examination by an AISD-retained physician on the ground that Strife's VA doctors had failed to propose *"other"* reasonable accommodations besides a service dog. *See id.*, at 2 (emphasis added). Yet, as detailed above, Dr. Mann had notified AISD on November 1, 2023, that, in his medical opinion, a service dog was the only reasonable accommodation of Strife's disabilities.

[69] *See* Exhibit CC (emphasis added). AISD omitted from its MSJ2 any reference to Smith's December 20, 2022 email.

[70] *Id.* (emphasis added). AISD omitted from its MSJ2 any reference to Villarreal's December 20, 2022 email.

the medical examination of Strife on January 9, 2023, at 9:30 a.m. [71]

On December 23, 2022, Smith transmitted to Strife a letter directing her to submit to a compulsory medical examination with Dr. Nguyen on January 10, 2023.[72]

**N. Strife Continues The "Interactive Process" In Good-Faith**

Unaware of AISD's behind-the-scenes attempt to rig her (illegal) compulsory medical examination, Strife continued her good-faith participation in the "interactive process." On December 23, 2022, Newar—in response to DeWalt's December 5, 2022 letter—transmitted to DeWalt the following additional information supporting Strife's service dog accommodation: 1) a December 21, 2022 letter from Dr. Lisa Miller, attesting that she (Miller) is, in fact, a doctor; had served as one of Strife's treating VA physicians since 2007; and had written the September 22, 2022 letter attesting to Strife's need for a service dog; 2) a December 22, 2022 letter from Dr. Robert Garza—Director of the VA's Mental Health Clinic at the Debakey Center—attesting that Strife suffers from PTSD, depression, and TBI and that both Drs. Miller and Mann had treated her for those conditions; and 3) a December 19, 2022 VA determination that Strife remained "100%" disabled from PTSD and depressive disorder.[73] Based on this additional information, Newar again requested that AISD withdraw its demand that Strife submit to a medical examination by AISD's retained physician and approve her service dog request. [74]

---

[71] *See* Exhibit DD. AISD omitted from its MSJ2 any reference to Smith's conversation with Dr. Nguyen and AISD's circumvention of its own standard IME "process." Indeed, AISD did not even disclose to Strife until ***after*** remand Smith's December 20, 2022 email referencing that conversation/circumvention.

[72] *See* Exhibit R.

[73] *See* Exhibit AA. AISD omitted from its MSJ2 any reference to Newar's December 23, 2022 letter and the extensive additional supporting information that letter contained.

[74] *Id.*

In violation of its protocol, the EAC did not convene on a "standing Friday" in December to review this additional medical information.[75]

**O. Strife Files An EEOC Charge Against AISD**

Consequently, on January 6, 2023, Strife filed a Charge of Discrimination with the EEOC and the Texas Workforce Commission. In her Charge, Strife asserted that AISD had subjected her to disability-based discrimination—including denial of a reasonable accommodation of her disabilities—and retaliation for opposing such discrimination. Strife—through Newar—contemporaneously notified AISD of the Charge's filing.[76]

**P. The VA Confirms "Inde" Mitigates Strife's Mobility Impairments**

Because AISD's compulsory medical exam by his hand-picked doctor violated the ADA, Strife did not submit to that exam on January 9, 2023. Instead, on January 10, 2023, Strife underwent a medical examination by VA doctors to determine whether she suffers from mobility impairments and, if so, whether "Inde" mitigates those impairments. Dr. Sheryl Vandeven, a VA Physical Therapist, performed that examination.[77]

Dr. Vandeven determined that Strife suffers from "chronically impaired standing, balance and gait with history of multiple falls and injuries…"[78] Dr. Vandeven also determined that "Inde" mitigates Strife's mobility impairments.[79] AISD has conceded that Dr. Vandeven's

---

[75] *See* Exhibit E, at 167:20-168:11; 168:18-169:3. AISD omitted from its MSJ2 any reference to this fact.

[76] *See* Exhibit FF.

[77] *See* Exhibit F

[78] *Id.*

[79] *Id.*

examination of Strife was "thorough."[80]

Following Dr. Vandeven's examination, Dr. Darlene Makulski—a VA Assistant Professor of Physical Medicine and Rehabilitation who also treats Strife and referred Strife to Dr. Vandeven—issued a letter stating that Dr. Vandeven had examined Strife to determine whether a service dog would assist Strife with her mobility impairments and that Dr. Vandeven had determined that Strife requires "Inde" "***in all settings (including place of employment) to avoid further balance-related injuries.***"[81] On January 11, 2023, Newar transmitted to AISD Dr. Makulski's January 10th letter. Newar simultaneously transmitted to AISD a January 9, 2023 letter from Dr. Mann in which he (Mann) reaffirmed that he had treated Strife for PTSD and depression since August 2022 and had authored the September 29, 2022 letter and November 1, 2022 JAQ.[82]

**Q. AISD Still Refuses To Accommodate Strife**

In further violation of EAC protocol, AISD did *not* convene the EAC in January 2023 to review this additional medical information supporting Strife's service dog request.[83] Indeed, in her ***November 30, 2023*** deposition, Smith testified that she had not seen Dr. Vandeven's report before then.[84]

---

[80] *See* MSJ2, at 6 ("Dr. Vandeven's' physical therapy consult notes dated January 10, 2023, provided a thorough analysis of Plaintiff's physical limitations and tasks her service animal would provide to address Plaintiff's mobility related impairments."); *Id.*, at 7 (Dr. Villareal testified that…the District finally possessed a thorough analysis of Plaintiff's physical limitations and how Plaintiff's service dog would be utilized to assist with her physical limitations…").

[81] *See* Exhibit F. (emphasis added).

[82] *See* Exhibit GG. AISD omitted from its MSJ2 any reference to Dr. Mann's January 9, 2023 letter.

[83] *See* Exhibit E, at 171:19-175:25. AISD omitted from its MSJ2 this critical fact.

[84] *Id.*

Nevertheless, on January 13, 2023, DeWalt notified Newar that AISD still declined to approve Strife's service dog request.[85] Once again, DeWalt resorted to pretext to justify AISD's denial of Strife's service dog request. Specifically, DeWalt stated that Dr. Makulski's January 10th letter did not suffice for AISD to approve "Inde" because it did not contain Dr. Vandeven's underlying examination notes.[86]

Therefore, on January 13, 2023, Strife obtained, and Newar transmitted to DeWalt Dr. Vandeven's underlying examination notes.[87] Dr. Vandeven's examination notes clearly confirm Strife's mobility impairments and "Inde's" mitigation of those impairments.

Yet, in violation of its EAC's protocol, AISD *still* did not convene the EAC in January 2023 to review this additional medical information supporting Strife's accommodation request.[88] Smith concedes that she never saw this additional medical information until her **November 30, 2023** deposition.[89]

**R. Strife Files Suit Against AISD**

Therefore, on January 18, 2023, Strife filed suit against AISD in state court in Harris County, Texas.[90] In that lawsuit, Strife alleged that AISD had violated her rights under the TLC and Tex. Hum. Resources Code section 121.001 *et seq*.[91] On January 26, 2023, Strife filed an

---

85 *See* Exhibit HH. AISD omitted from its MSJ2 any reference to DeWalt's January 13, 2023 correspondence.

86 *Id.*

87 *See* Exhibit F.

88 Exhibit E, at 175:19-25. AISD omitted from its MSJ2 this critical fact.

89 *Id.*, at 175:2-25; 182:8-19.

90 *See* Exhibit X.

91 Tex. Hum. Res. Code section 121.001 *et seq.* prohibits discrimination against "persons with disabilities," "service animals," and "assistance animals" in public facilities. *See* Tex. Hum. Res.

application for a temporary restraining order in that state court action.

On January 27, 2023, the Harris County Ancillary District Court held a hearing on Strife's TRO application but recessed the hearing without a ruling. On January 30, 2023, Strife non-suited her state court action.

On February 1, 2023, Strife filed the instant lawsuit. [92] On February 6, 2023, Strife filed a Motion for Temporary Restraining Order. [93]

On February 15, 2023, this court held a hearing on Strife's Motion for Temporary Restraining Order. During that hearing, AISD conceded that Strife is disabled; that "Inde" constituted a reasonable accommodation of her disabilities; and that it had no "objection" to Strife having "Inde" at work. Nevertheless, AISD attempted to justify its then-five-and-one-half-month refusal to allow Strife to work with "Inde" by claiming that—during that period—it was "exploring whether there are less burdensome accommodations available."

Yet, AISD not only did not—but could not—explain to this Court what "burden" "Inde" imposed or why any other "accommodation" it was "exploring" would be "less burdensome":

> **THE COURT**: What's your objection to having the service animal in the office building where the Plaintiff works?
>
> **MR. RUSH**: We don't have an objection to it, but we are exploring whether there are other less burdensome accommodations available; and that's --
>
> **THE COURT**: What's burdensome about having the service animal in the office building?
>
> **MR. RUSH**: Less burdensome in terms of what we have to provide in

---

Code section 121.003(c), (i).

[92] *See* Exhibit II.

[93] *See* Exhibit JJ.

terms of extraordinary relief of a service animal for an employee.[94]

This Court denied Strife's Motion for Temporary Restraining Order but scheduled a hearing on Strife's Motion for Preliminary Injunction for March 9, 2023. This Court intimated that, if AISD failed to approve Strife's service dog request by March 9, 2023, it would "likely" grant Strife preliminary injunctive relief.[95]

**S. AISD Conditionally Approves "Inde"**

On February 21, 2023, Newar transmitted a letter to Rush. In that letter, Newar stated, *inter alia*, that Strife's VA doctors had opined that a service dog was the only reasonable accommodation of her disabilities and that this was "self-evident."[96]

On February 24, 2023, AISD notified Strife via letter that it had approved her service dog request—albeit only conditionally and only for one year—and withdrew its demand that she submit to a medical examination by its retained physician. [97]

AISD claims that it did so then because—it claims—Newar's February 21, 2023 letter provided it for ***"the first time"*** with "***new information"*** regarding Strife's accommodation request.[98] AISD further claims that the ***EAC*** decided to approve Strife's service dog based on

---

[94] *See* Exhibit KK, at 12:9-18.

[95] *See* Exhibit KK, at 33:24-34:3 ("[I]f it turns out that her medical doctors have told her that she needs a service animal and the conditions are as described, I'm sympathetic to that, especially, given the fact that we have a veteran who has provided service to this country."); *Id.*, at 35:23-36:1 ("I sincerely believe that if…what [Strife] represented to me to be true that the outcome you seek by way of the accommodation for Plaintiff might be to your liking.").

[96] *See* Exhibit LL, at 8 (emphasis added, except as to "no")

[97]See Exhibit MM.

[98] *See* MSJ, at 5-6 (emphasis added).

this "new information."[99] AISD's claims are demonstrably false.

Newar's February 21, 2023 letter simply reiterated what Strife, her VA doctors, and RPTSD had repeatedly asserted for *five months*: a service dog was the only reasonable accommodation of Strife's psychological and physical disabilities, and the ADA/RA/TLC barred it from subjecting her to a complete medical examination by its hand-picked doctor.[100]

Moreover, Smith revealed in her deposition that AISD drafted the February 24, 2023 letter to Strife approving "Inde" ***before*** the EAC met that afternoon.[101] Smith further revealed that, during the February 24th EAC meeting, AISD did ***not*** present the EAC with the substantial medical information supporting Strife's service dog request that Newar transmitted to AISD in November and December 2022 and January 2023.[102]

In short, the evidence makes clear that AISD approved Strife's service dog on February 24, 2023, only to prevent this Court's entry of a preliminary injunction against on March 9, 2023.

**T. AISD's Delay Forced Strife To Work Under Dangerous Conditions**

AISD's almost six-month delay in approving Strife's service dog forced Strife to work under dangerous conditions. As Dr. Vandeven and Dr. Makulski noted, Strife suffers from "chronically impaired standing, balance and gait…" and, therefore, requires a service dog at all

---

[99] *Id.*

[100] During the February 15, 2023 TRO hearing, Newar made this same point:

> …Mr. Rush told you that they wanted to see if a doctor would tell them that a cane or a walker is sufficient…***[A] cane and a walker don't deal with PTSD. So, that's the hundred percent disability here that we're talking about.***

*See* Exhibit KK, at 26:4-14 (emphasis added)

[101] *See* Exhibit E, at 51:9-15; 176:2-177:15; 194:19-195:6.

[102] *See* Exhibit E, at 182:2-19

times "to avoid…***balance-related injuries***."[103] Additionally, as Dr. Mann and Dr. Miller noted, without "Inde," Strife suffers from unmitigated PTSD, anxiety, and depression.

**U. AISD's Post-Accommodation Retaliation Against/Hostility Towards Strife**

Although AISD—conditionally—granted Strife's accommodation request on February 24, 2023, AISD retaliated against Strife thereafter, including by failing to increase her salary, scuttling her attempts to obtain employment with third parties, and denying her husband (Joseph Sewall)—then AISD's Programmer Analyst—Post-Secondary Outcomes—salary increases and promotions. AISD's post-accommodation retaliation against Strife and her husband is the subject of a separate lawsuit pending in a sister court. *See Alisha Sewall and Joseph Sewall v. Aldine Independent School District*, No. 4:25-cv-4048 (S.D. Tex. Houston Division) (Hanks, J.).

Additionally, after February 24, 2023, some of AISD's highest-ranking officials involved in the "interactive process" demonstrated a retaliatory animus against Strife. For example, during a June 12, 2026 TIA-related conference, Superintendent Gofney admonished Strife that "Inde" "better not embarrass [AISD]…"[104] DeWalt refuses to even acknowledge Strife. [105]

**V. Strife Resigns From AISD**

AISD's post-accommodation hostility towards and retaliation against Strife caused her to resign her employment from AISD effective July 22, 2026.[106] Strife now works as Spring Independent School District's ("SISD") TIA Manager.[107]

---

[103] *See* Exhibit F

[104] *See* Exhibit A (Declaration of Alisha Strife), at paras. 7-10.

[105] *See* Exhibit A (Declaration of Alisha Strife), at para.13.

[106] *See* Exhibit A (Declaration of Alisha Strife), at paras. 14-15.

[107] *See* Exhibit A (Declaration of Alisha Sewall), at para.16.

During the SISD hiring process, Strife submitted to SISD an ADA accommodation request to work with "Inde."[108] SISD approved Strife's ADA accommodation request within ***two days***—without requiring Strife to undergo a medical examination by SISD-retained doctor.[109]

## III. Argument

### A. Strife Has Raised A Genuine Issue Of Material Fact That AISD Failed To Reasonably Accommodate Her Disabilities

The ADA, RA, and TLC require a covered employer—such as AISD—to make a "reasonable accommodation" of an employee's disabilities.[110] To prevail on an employment-based failure-to-accommodate claim under the ADA, RA, and TLC,[111] a plaintiff must prove: (1) she is a qualified individual with a disability; (2) her disability and its consequential limitations were known by the employer; and (3) the employer failed to make reasonable accommodations for such known limitations. *See Strife*, 138 F.4th at 245; *Way*, 133 F.4th at 518 (5th Cir. 2025).

An employer fails to make reasonable accommodations for an employee's known physical or mental limitations where the employer *either* failed to engage in the "interactive process" in good-faith *or* failed reasonably to accommodate the employee's disability. *See Way*, 133 F.4th at 520 (5th Cir. 2025) (emphasis added) (Way must point to evidence in the record that would allow a reasonable jury to find that the City ***either*** failed to engage in a good faith [interactive] process ***or*** failed reasonably to accommodate Way's anxiety."). An employer's

---

[108] *Id.*, at para. 17.

[109] *Id.*, at paras. 17-18.

[110] *See* 42 U.S.C. § 12112(a), 12112(b)(5)(A); 29 U.S.C. § 794; Tex. Labor Code § 21.218.

[111] Strife's RA and TLC failure-to-accommodate claims are governed by the same standard as her ADA claim. *See Strife v. Aldine Independent School District*, 138 F.4th at 245 n.2 (5th Cir. 2025); *Way v. City of Missouri City, Texas*, 133 F.4th 509, 516 n. 4 (5th Cir. 2025).

delay in providing an employee with a reasonable accommodation may establish a lack of good-faith in the "interactive process." *See Strife*, 138 F.4th at 246 (cleaned up) ("We have accordingly stated—consistent with our sister circuits—that delay in providing reasonable accommodation may show a lack of good faith in the interactive process.").

In its May 16, 2025 opinion, the Fifth Circuit made clear that Strife could establish a genuine issue of material fact that AISD failed to reasonably accommodate her disabilities by adducing evidence of the following:

- **Strife only requested AISD allow her to have and use her service dog at work and did not require AISD to procure a service dog or modify her workplace**

*See Strife*, 138 F.4th at 246 (cleaned up)

- **AISD's delay in accommodating Strife's disabilities forced Strife to work under "suboptimal conditions"**

*See Strife*, 138 F.4th at 246-247 (cleaned up) .

- **AISD "insist[ed]" Strife undergo an independent medical examination, despite Strife providing it with information that confirmed her disabilities and need for accommodation**

*See Strife*, 138 F.4th at 247

- **AISD failed to offer Strife any reasonable accommodation(s) of her disabilities during the "interactive process"**

*See Strife*, 138 F.4th at 247 (emphasis original) (cleaned up)

- **AISD granted Strife's service dog request only after she filed suit and within weeks of this Court's scheduled preliminary injunction hearing**

*See Strife*, 138 F.4th at 247

As the Fifth Circuit held, it is "undisputed"—indeed, AISD concedes—that Strife is a qualified individual with a disability and that it knew of Strife's disabilities and their

consequential limitations.[112] Strife has adduced not only competent—but largely uncontroverted—evidence that AISD failed *both* to engage in the "interactive process" in good-faith *and* to reasonably accommodate Strife's disabilities. Following is that evidence:

**1. AISD stipulated that Strife Is disabled and that "Inde" was a reasonable accommodation of her disabilities to which it had no "objection"**

During the February 15, 2023 TRO hearing, AISD stipulated that Strife is disabled; that "Inde" constituted a reasonable accommodation of her disabilities; and that it had no "objection" to Strife having "Inde" at work. Furthermore, during the TRO hearing, AISD did not—and, indeed, could not—articulate any valid basis for failing/refusing to allow Strife to work with "Inde" for—at that time—five-and-one-half months.

Given AISD's February 15, 2023 stipulation that "Inde" constitutes a reasonable accommodation of Strife's stipulated disabilities and its concomitant stipulation that it had no "objection" to Strife working with "Inde," AISD has failed to discharge its burden to demonstrate that "Inde" "impose[d] an undue hardship on the operation of [its] business." *See* 42 U.S.C. section 12112(b)(5)(A).[113] Therefore, as a matter of law, AISD violated Strife's rights under the "reasonable accommodation" prong of the ADA, RA, and TLC.

**2. Strife requested only that AISD allow her to use "Inde" at work and did not require AISD to procure a service dog or modify the AISD workplace**

It is undisputed that RPTSD provided Strife with "Inde." It is further undisputed that Strife did not request that AISD modify her office or any other AISD work area to have "Inde" there.[114]

---

[112] *See Strife*, 138 F.4th at 245 (5th Cir. 2025) ("The first two factors are not in dispute.").

[113] Moreover, AISD has never asserted the "undue hardship" affirmative defense. Therefore, as a matter of law, AISD has waived this defense.

[114] *See* Exhibit A (Declaration of Alisha Sewall), at para. 5.

**3. AISD's delay in accommodating Strife's disabilities forced her to work under "suboptimal conditions**

AISD's almost six-month delay in approving "Inde" forced Strife to work under "suboptimal conditions." As Dr. Vandeven and Dr. Makulski note, Strife suffers from "chronically impaired standing, balance and gait…" and, therefore, requires "Inde" "to avoid…***balance-related injuries***."[115] Additionally, as Dr. Mann and Dr. Miller noted, without "Inde," Strife suffers from unmitigated PTSD, anxiety, and depression.

**4. AISD's insisted that Strife undergo a medical examination by its hand-picked doctor, despite conceding Strife is disabled and a service dog constituted a reasonable accommodation of Strife's disabilities**

It is undisputed that, for almost three-and-one-half months (November 11, 2022 to February 24, 2023), AISD insisted that Strife undergo an "independent" medical examination ("IME") by its hand-picked doctor. AISD's long-running insistence that Strife undergo an IME violated the ADA. Under the ADA, an employer may require an existing employee to undergo a medical examination only where the examination is "shown to be job-related and consistent with business necessity." *See* 42 U.S.C. § 12112(d)(4)(A).

Again, given AISD's stipulation at the February 15, 2023 TRO hearing that Strife is disabled, "Inde" constituted a "reasonable accommodation" of her disabilities, and it had no "objection" to Strife working with "Inde," AISD has not carried its burden to prove that its attempt to force Strife to undergo an IME by its hand-picked doctor was either "job-related" or "consistent with business necessity."

The lack of "job-relatedness" and "business necessity" is further demonstrated by the fact that the AISD-compelled IME violated its own internal policy. As noted above, under AISD

---

[115] *See* Exhibit F (emphasis added).

policy, AISD could compel Strife to undergo a medical examination only under the following circumstances: 1) information received…indicates the employee has a physical or mental impairment that interferes with the employee's ability to perform essential job functions; or 2) the employee poses a direct threat to the health or safety of the employee or others…"[116]

On November 3, 2022, Smith memorialized that Strife ***could*** perform her ***essential*** Project Analyst job duties with or without reasonable accommodation.[117] AISD has never contended that Strife or "Inde" presented a "direct threat" to AISD employees or herself.[118] Therefore, AISD violated its own policy by attempting to force Strife to undergo a complete medical examination by its retained doctor.

**5. AISD required Strife to tender extraneous evidence of her disabilities and need for a service dog before agreeing to accommodate those disabilities**

For at least three-and-one-half months, AISD required Strife to tender extraneous evidence of her disabilities and/or her need for a service dog to accommodate those disabilities.

On September 26, 2022, Strife tendered to AISD a September 22nd letter from Dr. Lisa Miller—a VA Doctor of Pharmacology who has treated Strife for PTSD, depression, and anxiety since 2007, in accordance with VA protocols—attesting to Strife's disabling psychological conditions. Although AISD admitted that Dr. Miller's letter was "exactly" what AISD needed to approve "Inde," AISD attempted to force Strife to submit a statement from a ***"Board-Certified" "Medical doctor"*** attesting to her disabilities and need for "Inde."

AISD's conduct violates the ADA. Although under certain circumstances—

---

[116] *See* Exhibit S (emphasis added).

[117] *See* Exhibit T; Exhibit E, at 27:5-30:5

[118] AISD failed to file an Answer. Therefore, AISD waived any "direct threat" or "undue hardship" defense.

not present here—an employer may require an employee to tender documentation from an "appropriate health care professional," the ADA nowhere requires that such a professional be a ***medical doctor***, let alone a Board-Certified medical doctor. Rather, the ADA regulations make clear that such professionals may include non-medical doctors, such as psychologists, nurses, physical therapists, occupational therapists, speech therapists, vocational rehabilitation specialists, licensed mental health professionals.[119]

Additionally, on November 1, 2022, AISD received a completed "Job Accommodation Questionnaire" from Dr. Gurtej Mann—Strife's VA psychiatrist—attesting that Strife suffers from PTSD, major depressive disorder, anxiety, and TBI and requires a service dog for those *psychological* disabilities. Nevertheless, for over three-and-one-half months (November 1, 2022 until February 24, 2023), AISD demanded that Strife tender additional evidence to substantiate those psychological disabilities, undergo an IME to validate her undisputed physical disabilities, and demonstrate that "Inde" reasonably accommodated her disabilities.

In her deposition, Smith revealed that, despite Dr. Mann's attestation that Strife requires a service dog for her psychological disabilities, AISD refused to approve Strife's request to work with "Inde" at that time and attempted to force her to undergo an IME because—without any evidentiary basis—AISD deemed "Inde" to be an "emotional support animal," not a psychiatric service dog.[120] However, the ADA expressly defines "service animals" to include "any dog that is individually trained to do work or perform tasks for the benefit of an individual with a disability,

---

[119] *See,* e.g., EEOC "Enforcement Guidance on Reasonable Accommodation and Undue Hardship under the ADA," at question 6, available at *https://www.eeoc.gov/laws/guidance/enforcement-guidance-reasonable-accommodation-and-undue-hardship-under-ada*; EEOC "Enforcement Guidance on the ADA and Psychiatric Disabilities," at question 14, available at *https://www.eeoc.gov/laws/guidance/enforcement-guidance-ada-and-psychiatric-disabilities*,

[120] *See* Exhibit E, at 109:16-111:22.

including a…***psychiatric***…disability".[121] The ADA deems PTSD and major depressive disorder to be psychiatric disabilities.[122] On September 5, 2022, RPTSD certified to AISD that "Inde" is a "fully trained *service dog*" (i.e. not an "emotional support animal").[123]

Therefore, AISD's refusal to approve Strife's request to work with "Inde" as a reasonable accommodation of her ***psychological*** disabilities and its continued demand that she provide evidence of her ***physical*** disabilities violated her rights under the ADA, RA, and TLC. *Id.*; *see also Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, 765 F.3d 1277 (11th Cir. 2014).

**6. For almost six months, AISD failed to offer Strife any reasonable accommodation**

It is undisputed that, for almost six months, AISD failed/refused to not only approve "Inde" but to offer Strife any other accommodations.[124] AISD's failure/refusal to make such an offer demonstrates that it did not engage in the "interactive process" in good-faith. *See EEOC v. Chevron Phillips Chem. Co., LP*, 570 F.3d 606, 622 (5th Cir. 2009) (A jury could find that employer refused the plaintiff's requested accommodations where the employer "remained silent and made no comment on the requested accommodations"); *Humphrey v. Memorial Hospitals Ass'n*, 239 F.3d 1128, 1138 (9th Cir. 2001) ("[A]n employer fails to engage in the interactive process as a matter of law where it rejects the employee's proposed accommodations…and offers no practical alternatives.").

**7. AISD granted Strife's service dog request only after she filed suit and within weeks of this Court's scheduled preliminary injunction hearing**

---

[121] *See* 28 C.F.R. 36.104 (emphasis added)

[122] *See* 29 C.F.R. 1630.2(j)(3)(iii) (MDD and PTSD "substantially limit brain function"); *Williams v. Tarrant Cnty. Coll. Dist.*, 717 Fed.Appx. 440, 447-448 (5th Cir. 2018) (ADA regulations recognize PTSD and major depressive disorder as substantial limitations on brain function).

[123] *See* Exhibit L (emphasis added)

[124] *See* Exhibit E, at 187:2-6.

It is undisputed that AISD granted Strife's service dog request on February 24, 2023—that is, only after she filed an EEOC/TWC Charge and two lawsuits against it and less than two weeks before this Court's scheduled hearing on Strife's application for a preliminary injunction. As demonstrated above, AISD's explanation for why it finally approved "Inde" then after steadfastly refusing to approve her for over five-and-one-months—that February 21, 2023 is the "first time [it] received an answer concerning potential alternative accommodations"[125]—is not credible. During that five-and-one-half period, ***four*** VA treating doctors (Vandeven; Makulski; Mann; and Miller) stated—either explicitly (Mann and Miller) or implicitly (Vandeven and Makulski) that a service dog was the *only* reasonable accommodation of Strife's disabilities. AISD simply refused to accept those four doctors' opinions—because, the evidence shows, it had no intention of allowing Strife to work with her service dog. Therefore, it is patently clear that AISD approved "Inde" on February 24, 2023, only because of this Court's admonition during the February 15, 2023 TRO hearing that its failure to do so would "likely" result in the entry of a preliminary injunction against it on March 9, 2023.

**8. AISD's post-accommodation hostility towards/retaliation against Strife demonstrates its bad-faith**

AISD's hostility towards and retaliation against Strife—as reflected in Superintendent Gofney, Chief Human Resources Officer Herrera, and in-house counsel DeWalt's post-accommodation hostile statements and actions—demonstrates that AISD's delay/constructive denial of her service dog for almost six months was calculated and intentional. Therefore, it further supports a finding that AISD's conduct in the "interactive process" was in bad-faith. *See Way*, 133 F.4th at 520 (Way's declaration indicates that one day after she told Iyamu that she was

---

[125] *See* MSJ2, at 8. AISD has never attempted to explain why it accepted ***Strife's counsel's*** February 21st statement when it had been demanding, for months, a ***Board-Certified medical doctor's*** certification.

developing anxiety and would seek treatment, Iyamu responded to Way's welling up in Iyamu's presence with sarcastic remarks…Way thus provides evidence from which a jury reasonably could find that the City did not attempt to entertain the requested accommodation.”).

In sum, the *complete* evidentiary record—viewed in the light most favorable to Strife—more than suffices to raise a genuine issue of fact that AISD failed to conduct the “interactive process” in good-faith and unreasonably delayed accommodating Strife’s disabilities.[126]

**B. AISD Mischaracterizes *Strife* And Other Fifth Circuit ADA Decisions**

AISD contention that the Fifth Circuit’s decision in *Strife* “forecloses” Strife’s failure-to-accommodate claims[127] is risible, as the Fifth Circuit *repeatedly* states that—based on the SAC’s allegations—a factfinder could conclude that AISD failed to reasonably accommodate her disabilities.[128]

Nevertheless, AISD cites the following verbiage in the Fifth Circuit’s opinion to support its contention that the Fifth Circuit “foreclosed” Strife’s failure-to-accommodate claims:

> [T]he evidentiary record offers ample support for AISD's assertions that despite Strife's submissions, it still needed an independent medical exam to complete its review…[129]

First, AISD elides the fact that the Fifth Circuit indicated that, as of ***November 11, 2022***, there was “ample support” for requiring Strife to submit to a third party exam. [130] The Fifth

[126] Such evidence also raises a genuine issue of material fact that AISD’s six-month delay in approving “Inde” constitutes a constructive denial of that accommodation. *See Groome Resources Ltd. v. Parish of Jefferson*, 234 F.3d 192, 199 (5th Cir. 2000) (emphasis added) (“[Denial [of a reasonable accommodation] can be both actual or constructive” and an *“**indeterminate delay has the same effect as an outright denial.**”*).

[127] *See* MSJ2, at 8.

[128]*See Strife*, 138 F.4th at 242, 247.

[129] *See* MSJ2, at 1, quoting *Strife*, 138 F.4th at 250

[130] *See Strife*, 138 F.4th at 250 (emphasis) (“***At the time the district made its first exam request,***

Circuit nowhere stated or implied that, ***after*** November 11, 2022, AISD's "insistence" on Strife undergoing an "IME" by its retained physician has support in the record. Indeed, the Fifth Circuit implied to the contrary.[131]

The substantial medical evidence that Strife tendered to AISD ***after*** November 11, 2022—especially, Dr. Vandeven's January 10, 2023 examination of Strife and "Inde"—clearly supports the Fifth Circuit's intimation and Strife's argument that AISD's "insistence" on subjecting her to an "IME" constituted bad-faith and, therefore, violated the ADA.

Second, the evidentiary record developed *post-remand* establishes that AISD hand-picked the doctor to perform Strife's compulsory medical exam—in violation of its standard "process"—in an apparent attempt to rig that examination. Had the Fifth Circuit known that AISD hand-picked the doctor in violation of its standard "process," it is unlikely the Fifth Circuit would have found *any* support for AISD's "IME"—either before or after November 11, 2022.

Third, the Fifth Circuit outlined other factors that—if demonstrated on remand—would warrant a finding that AISD failed to reasonably accommodate Strife's disabilities, including: 1) AISD's failure to offer Strife any reasonable accommodation for almost six months; 2) AISD's subjecting Strife to "suboptimal" working "conditions" for almost six months; and 3) AISD approving "Inde" on February 24, 2023, only to avoid entry of a preliminary injunction.

As explicated above, Strife has proven these other factors. Therefore, assuming *arguendo* AISD's attempt to force Strife to undergo a compulsory medical exam by its hand-picked doctor

***on November 11, 2022***, Strife had supplied the district with five pieces of information…"). AISD utilized ellipses to omit "November 11, 2022" from its first block quote. *See* MSJ2, at 1.

[131] *See Strife*, 138 F.4th at 247 (emphasis added) ("***Strife claims that she repeatedly provided AISD with information that confirmed her disabilities and need for accommodation. Based on these allegations, and drawing all rational inferences in Strife's favor, <u>a reasonable factfinder could find that the district's</u> <u>insistence that she undergo an independent medical exam was unreasonable</u>***).

finds support in the *pre-remand* record, Strife's failure-to-accommodate claims are not "foreclosed."[132]

Throughout its MSJ2 AISD cites other Fifth Circuit ADA decisions that—it claims—supports its entitlement to summary judgment on Strife's failure-to-accommodate claim. Yet, even a cursory review of those decisions reveals they are not on point or are distinguishable.[133]

**IV. Conclusion**

For these reasons, Plaintiff, Alisha Strife, respectfully requests this Court deny AISD's Motion for Summary Judgment and afford her a trial by jury.

Respectfully submitted,

***/s/ Scott Newar***
SCOTT NEWAR
Texas Bar Number 14940900
440 Louisiana, Suite 900
Houston, Texas 77002
Telephone: (713) 226-7950
Fax: (713) 226-7181
E-Mail: newar@newarlaw.com

ATTORNEY FOR PLAINTIFF,
ALISHA STRIFE

---

[132] AISD's MSJ2 does not address these other factors. Therefore, AISD has waived argument as to those factors.

[133] In its MSJ2, AISD cites the following inapposite 5th Circuit decisions: *EEOC v. Methodist Hosps. of Dallas*, 62 F.4th 938 (5th Cir. 2023) (Affirming summary judgment for employer on failure-to-accommodate claim because the employee "unilateral[ly]" withdrew from the ADA "interactive process" despite the employer's good-faith attempt to reasonably accommodate her); *EEOC v. Agro Distribution, LLC*, 555 F.3d 462 (5th Cir. 2009) (Affirming summary judgment on plaintiff's failure-to-accommodate claim because the plaintiff was not disabled and, in any event, prematurely withdrew from the "interactive process"); *Loulseged v. Akzo Nobel Inc.*, 178 F.3d 731 (5th Cir. 1999) (Affirming judgment as a matter of law for the employer because the employee resigned and, thereby, withdrew from the "interactive process" before that process could be completed).

## CERTIFICATE OF SERVICE

I certify that, on September 4, 2026, I served this pleading upon Aldine Independent School District, via the Pacer e-filing system in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas.

***/s/ Scott Newar***