**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ALISHA STRIFE,** | § | **NO. 4:23-cv-358** |
| | § | |
| | § | |
| **Plaintiff** | § | **JURY DEMANDED** |
| | § | |
| **v.** | § | |
| | § | |
| **ALDINE INDEPENDENT SCHOOL DISTRICT** | § | |
| | § | |
| | § | |
| **Defendant** | § | |

**PLAINTIFF'S EXPEDITED MOTION TO SEAL OR, ALTERNATIVELY, REDACT EXHIBITS**

Plaintiff, Alisha Strife, files this Expedited Motion To Seal Or, Alternatively, Redact Exhibits (hereinafter "Motion") and respectfully asserts as follows:

## I. Introduction

As Plaintiff's Response to AISD's Second Motion for Summary Judgment (Dkt. 117) ("MSJ2 Response") elucidates, for 4 years Aldine Independent School District ("AISD") has subjected Ms. Strife—a disabled United States Army veteran who served this country in wartime—to illegal, retributive conduct because she has attempted to vindicate her right under the ADA, the Rehabilitation Act ("RA"), and Tex. Labor Code section 21.001 *et seq.* ("TLC") to have and use a service dog in the workplace. Yet, as this Motion elucidates, since the Fifth Circuit remanded this case

on May 16, 2025, AISD has become even *more* vindictive and spiteful towards Ms. Strife—all because she continues her efforts to vindicate her rights and, by extension, the rights of other disabled veterans.

Ms. Strife's MSJ2 Response includes exhibits that contain extensive private/confidential information about her medical history, including her VA doctors' diagnoses and treatment of her physical and psychological condition. Since this lawsuit's inception on February 1, 2023, Ms. Strife has filed under seal those ***same*** exhibits on ***four*** different occasions—with ***no*** opposition from AISD.

Furthermore, on March 4, 2024, this Court entered an Order (Dkt. 81) granting Ms. Strife's ***then-unopposed*** motion to file under seal those ***same*** exhibits. *See* Exhibit 1. In its Order granting Ms. Strife's unopposed motion to file these same exhibits under seal, this Court stated, in relevant part:

> ***Plaintiff, Alisha Strife, may file under seal all exhibits containing her private/confidential medical information…***

*See* Exhibit 81 (emphasis added).

Yet now—for the *first* time in over *three-and-one half years*—AISD opposes this Court sealing those same exhibits.

As detailed below, AISD's belated opposition to this continued sealing is not

only unprincipled but is motivated by a spiteful desire to punish Ms. Strife for continuing to prosecute this action and a related ADA/RA/TLC retaliation lawsuit pending in another Southern District of Texas court. *See Alisha Sewall and Joseph Sewall v. Aldine Independent School District*, No. 4:25-cv-4048 (S.D. Texas Houston) (Hanks, J.). AISD's spiteful conduct also appears designed to dissuade—and, if successful, will dissuade—other disabled persons from attempting to vindicate their rights under these and other federal and state laws that protect the disabled from discrimination.

Therefore, Ms. Strife respectfully requests this Court re-affirm its March 4, 2024 Order and allow her to file under seal her MSJ2 Response exhibits containing her confidential medical information. Alternatively, pursuant to Fed. R. Civ. P. 5.2(d), Ms. Strife requests this Court redact those exhibits to protect her privacy rights and interests.

**II. Relevant Facts**

1. On February 1, 2023, Ms. Strife filed her Original Complaint. *See* Dkt. 1. Contemporaneously, Ms. Strife filed under seal fourteen (14) exhibits that contain her confidential medical information. *See* Dkt. 2.

2. At no time did AISD file a motion to unseal any of those sealed exhibits. *See* Civil

Docket sheet for Case # 4:23-cv-00358.

3. On June 5, 2023, Ms. Strife filed her First Amended Complaint. *See* Dkt. 38.

4. Contemporaneously, Ms. Strife filed those ***same*** 14 exhibits under seal. *See* Dkt. 39.

5. At no time did AISD move to unseal any of those sealed exhibits. *See* Civil Docket sheet for Case # 4:23-cv-00358.

6. On November 7, 2023, Ms. Strife filed her Second Amended Complaint. *See* Dkt. 66.

7. Contemporaneously, Ms. Strife filed those ***same*** 14 exhibits under seal. *See* Dkt. 67.

8. At no time did AISD move to unseal any of those exhibits. *See* Civil Docket sheet for Case # 4:23-cv-00358.

9. On January 29, 2024, AISD filed its first Motion for Summary Judgment. *See* Dkt. 71.

10. On March 1, 2024, Ms. Strife filed her Unopposed Motion To Seal Exhibits. *See* Dkt. 78. In that Unopposed Motion, Ms. Strife notified this Court that her March 4, 2024 response to AISD's first summary judgment motion would include "exhibits that contain extensive private/confidential information about Ms. Strife's medical history, including her VA doctors' diagnoses and treatment of her physical and psychological impairments." *See* Dkt. 78.

11. In her Unopposed Motion, Ms. Strife further notified this Court that AISD's then-lead counsel, Cory Rush ("Rush"), had represented that AISD was ***unopposed*** to sealing Ms. Strife's exhibits containing her medical information. *Id.*

12. Mr. Rush's March 1, 2024 email in which he represented that AISD had ***"[n]o opposition"*** to Ms. Strife's first Motion To Seal is attached to this motion as Exhibit 2. *See* Exhibit 2 (emphasis added).

13. On March 4, 2024, this Court entered an Order granting Ms. Strife's Unopposed Motion To Seal Exhibits. *See* Dkt. 81. In that Order, this Court stated, in relevant part:

> ***Plaintiff, Alisha Strife, may file under seal all exhibits containing her private/confidential medical information…***

*See* Exhibit 81 (emphasis added).

14. On March 4, 2024, Ms. Strife filed her Response to AISD's first Motion for Summary Judgment. *See* Dkt. 79.

15. Pursuant to this Court's March 4, 2024 Order (Dkt. 81), Ms. Strife filed under seal 38 exhibits to her summary judgment response. *See* Dkt 80.

16. At no time did AISD move to unseal any of those 38 exhibits. *See* Civil Docket sheet for Case # 4:23-cv-00358.

17. On June 12, 2024, this Court granted AISD's Motion To Dismiss and Motion for

Summary Judgment. *See* Dkt. 86.

18. On May 16, 2025, the Fifth Circuit reversed and remanded Ms. Strife's failure-to-accommodate claims. *See* Dkt. 90

19. On June 15, 2026, Mr. Rush withdrew as AISD's counsel, and Melissa Goins ("Goins") replaced him as AISD's lead counsel. *See* Dkts. 105, 106.

20. On July 30, 2026, AISD filed its second Motion For Summary Judgment. *See* Dkt. 109.

21. On September 4, 2026, at 10:48 p.m. CST, Ms. Strife filed her MSJ2 Response. *See* 117. Ms. Strife's MSJ2 Response includes 38 exhibits, many of which contain highly private/confidential information about Ms. Strife's medical history, including her VA doctors' diagnoses and treatment of her physical and psychological impairments.

22. The MSJ2 Response exhibits containing Ms. Strife's confidential medical information are the ***same*** exhibits that Ms. Strife previously filed under seal with her Original Complaint (Dkt. 2), her First Amended Complaint (Dkt. 39), and Second Amended Complaint (Dkt. 67); the ***same*** exhibits this Court ***approved*** her filing under seal in its March 4, 2024 Order (Exhibit 81); and the ***same*** exhibits that, for over ***three-and-one-half years***, AISD never opposed her filing under seal or moved to unseal.

23. Almost immediately after filing her MSJ2 Response (Dkt. 117) on September 4, 2026, Mr. Newar emailed this Court's Case Manager—with a copy to AISD's counsel—stating, in relevant part, as follows:

> Tonight, my firm filed our client, Alisha Strife's, Response to AISD's Second Motion for Summary Judgment (Dkt. 117) that is referenced in the DCECF notice below.
>
> Some of the exhibits attached to Ms. Strife's Response contain her medical information.
>
> By Tuesday (9/8/26), we will file a motion to seal those exhibits.
>
> If, in the interim, the Court is able to prevent Plaintiff's exhibits from being publicly accessible, we'd greatly appreciate it.

*See* Exhibit 3.

24. On September 9, 2026—pursuant to Mr. Newar's September 4th email to this Court's Case Manager—Mr. Newar's paralegal (Candice O'Brien) transmitted two emails to Ms. Goins, advising that Ms. Strife intended to file a motion to seal **seven (7)** exhibits to her MSJ2 Response (specifically, exhibits 6 ("F"), 11 ("K"), 12 ("L"), 15 ("N"), 25 ("Y"), 31 ("FF"), and 32 ("GG")) and asking whether AISD intended to oppose that motion. *See* Exhibit 4, at Candice O'Brien 9/9/26 (12:09 p.m.) email and 9/9/26 (9:09 p.m.) email).

25. On September 10, 2026, Ms. Goins emailed Ms. O'Brien as follows:

> ***We do not agree that the referenced Exhibits should be sealed. AISD is opposed.***

*See* Exhibit 4, at Melissa Goins' 9/10/26 (8:04 a.m.) email (emphasis added).

26. Subsequently on September 10, 2026, Mr. Newar emailed Ms. Goins and requested that AISD "reconsider" its opposition to Ms. Strife's instant Motion To Seal. *See* Exhibit 4, at Scott Newar's 9/10/26 (10:04 a.m.). Mr. Newar noted that, in its March 4, 2024 Order (Dkt. 81)—which he attached to his email—this Court had approved the sealed filing of those ***same*** exhibits. Mr. Newar further noted that AISD had previously ***not*** opposed the sealing of those very same exhibits. *Id.*

27. In response, Ms. Goins stated that—despite AISD's more than 3.5 years of non-opposition to Ms. Strife's medical information being sealed—AISD ***now*** opposes all but two pages of Ms. Strife's medical records being sealed because—Ms. Goins asserted—Ms. Strife had engaged in a "prior public filing" of her medical information. *See* Exhibit 4, at Melissa Goins' 9/10/26 (1:25 p.m.) email.

28. As Ms. Strife's MSJ Response elucidates, since the Fifth Circuit remanded this case on May 16, 2025, AISD has continued to retaliate against Ms. Strife for attempting to vindicate her rights under the ADA, RA, and TLC. *See* Dkt. 117, at 23. AISD's highest-level officials—including its Superintendent—have participated in that

retaliation/retribution. *Id.*; *see also* Declaration of Alisha Sewall (Dkt. 117-1), at paras. 9-13.

29. AISD engaged in another attempted act of retaliation/retribution against Ms. Strife, which the latter only belatedly discovered. Specifically, on July 14, 2026—while Ms. Strife was still employed by ***AISD***—Ms. Goins ***emailed Spring Independent School District's*** ("SISD") public information office and requested that SISD produce to her (***Goins***) copies of any employment application Ms. Strife had tendered to SISD, all documents or communications showing SISD's response to any such employment application, and all documents pertaining to any discussions SISD had with Ms. Strife about her potential employment by SISD. *See* Exhibit 5.

30. In her request to SISD, Goins did ***not*** disclose to SISD that she (Goins) was then serving as AISD's legal counsel in this action or in *Sewall v. AISD* and did not disclose that, in making her request, she was acting on AISD's behalf. *Id.*

31. Ms. Goins/AISD did not serve SISD with a deposition on written question pursuant to Fed. R. Civ. P. 31. As a result, Ms. Strife did not receive any advance notice of Ms. Goins/AISD's request to SISD seeking her personnel information and, therefore, did not have an opportunity to move to quash Goins/AISD's request for that information.[1]

---

[1] Ms. Goins also did not contemporaneously disclose to Ms. Strife that she (Goins)

32. At the time Ms. Goins tendered her public information request to SISD seeking Ms. Strife's employment application and related information, Ms. Strife had just accepted an offer of employment from SISD to become that district's Teacher Incentive Allotment ("TIA") manager but had ***not*** begun work there. *See* Dkt. 117-1, at para. 16.

33. AISD's attempt to access Ms. Strife's employment application and related information from SISD without Ms. Strife's knowledge and opportunity to object to that access is in keeping with its surreptitious attempt to access Ms. Strife's confidential medical information from her VA doctors in October 2023 without her knowledge or authorization. *See* Dkt. 117, at 8-9. It is also consistent with AISD's surreptitious conference with its hand-picked doctor about her compelled "independent" medical examination in December 2022—in violation of its "standard process"—conduct that Ms. Strife also did not discover until after the Fifth Circuit's remand. *Id.*, at 15-16.

---

had requested and, ultimately, received from SISD copies of Ms. Strife's personnel information from that entity. Ms. Strife did not learn of Goins/AISD's attempted circumvention of FRCP 31 until August 25, 2026—when, in response to Judge Hanks' July 7, 2026 Order requiring AISD to supplement its Initial Disclosures and other discovery responses, AISD finally disclosed that information. *See Sewall*, at Dkt. 31.

## III. Legal Argument

This Court should seal or, alternatively, redact the exhibits to Ms. Strife's MSJ2 Response (Dkt. 117) containing her confidential medical information.

### A. Standard of Review

The public has a "common law right of access to judicial records," but that common law right is ***"not absolute."*** *See Sealed Appellant v. Sealed Appellee*, No. 22-50707, 2024 WL 980494, at *2 (5th Cir. Mar. 7, 2024) (emphasis added), citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98 (1978). District Courts may deny access to judicial records when those records "might… become a vehicle for improper purposes, such as when those records are used to ***gratify private spite*** or promote public scandal." *Id.*, citing *Nixon*, 435 U.S. at 598 (emphasis added).

A federal District Court has "supervisory power over its own records and files and, when appropriate…may order that case documents be filed under seal…" in accordance with Fed. R. Civ. P. 5.2(d). *Id.* (cleaned up). To determine whether a judicial record should be sealed, a District Court "must undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Id.* A District Courts "must also consider whether alternative measures, such as redaction or pseudonymity, would

instead sufficiently protect the privacy interests at issue." *Id.*, at *3. A District Court's decision to seal or redact records is reviewed for abuse of discretion. *See Nixon*, 435 U.S. at 599 ("the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case"); *Sealed Appellant*, 2024 WL 980494 at *1.

The Fifth Circuit has granted a party's motion to seal medical records. *See United States v. Poff*, No. 20-20490, 2021 WL 4467641, at *1 (5th Cir. Sept. 29, 2021). Other federal appellate courts have also sealed a party's medical records on appeal, holding that a party's interest in protecting her confidential medical information outweighs the public's right of access. *See*, e.g., *Holmes v. United States*, No. 24-3743, 2025 WL 4297472, at *2 (6th Cir. Sept. 5, 2025) (granting plaintiff/appellant's motion to seal her medical records); *E.W. v. Health Net Life Ins. Co.*, 86 F.4th 1265, 1303 (10th Cir. 2023) (same); *Everett v. Nort*, 547 F. App'x 117, 123 (3d Cir. 2013) (granting appellee's motion to file appellant's medical records under seal because "the right to privacy outweighs the public's right of access to materials filed in litigation…").

District Courts in Texas have routinely sealed a litigant's medical records, holding that a litigant's "substantial privacy interest" overrides the public interest's favoring disclosure. *See*, e.g., *Rodriguez v. 3Cs2 LLC*, No. 3:25-CV-00693-B-BT,

2026 WL 852187 (N.D. Tex. May 24, 2026) (Exhibit 6); *Cloud v. Bert Bell/Pete Rozelle NFL Player Ret. Plan*, No. 3:20-CV-1277-S, 2022 WL 1203099 (N.D. Tex. Apr. 21, 2022) (Exhibit 7); *Lima v. Wagner*, No. 3:16-CV-00074, 2018 WL 11198080 (S.D. Tex. Oct. 24, 2018) (Exhibit 8); *De Somov v. Barnes*, No. 1:25-CV-717-RP, 2025 WL 3212052 (W.D. Tex. Oct. 9, 2025) (Exhibit 9), report and recommendation adopted as modified, No. 1:25-CV-717-RP, 2025 WL 3211552 (W.D. Tex. Nov. 17, 2025) (Ordering plaintiff's medical records sealed).

**B. Strife's Privacy Interest In Her Medical Records Outweighs Any Public Right Of Access**

Under HIPAA and the common law, Ms. Strife has a substantial privacy interest in her VA medical records and her VA doctor's (Dr. Mann) Job Accommodation Questionnaire ("JAQ") because those records contain her VA doctors' diagnoses and treatment of her physical and psychological condition. *See Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006) ("HIPAA generally provides for confidentiality of medical records.").

Ms. Strife's substantial privacy interest outweighs any putative public interest in those records. First, there is no demonstrable public interest in those records. Although this case has been pending for more than three-and-one-half years, no person or entity—besides AISD—has sought access to or publication of Ms. Strife's VA

medical records or her VA doctors' related assessments of her physical and psychological conduct. Such lack of interest militates in favor of allowing Ms. Strife to file/maintain her medical records/information under seal. *Cf. 8Fig, Inc. v. Newsweek Digital, LLC*, 135 F.4th 285 (5th Cir. 2025); *Sealed Appellant v. Sealed Appellee*, No. 22-50707, 2024 WL 980494 (5th Cir. Mar. 7, 2024). *See Rodriguez*, *Cloud, Lima*, and *Barnes*, *supra*.

In Ms. Goins' September 10th email opposing this Motion, AISD asserts—in effect—that Ms. Strife has waived her substantial privacy interest in her VA medical records/information by "public[ly] filing" those records/information. *See* Exhibit 4, at Goins' 9/10/26 email. AISD's assertion is false.

Ms. Strife has never filed her VA medical records or her JAQ openly. The docket sheet in this action conclusively demonstrates that Ms. Strife filed those records under seal on ***four (4)*** separate occasions—in her Original Complaint (Dkt. 2), First Amended Complaint (Dkt. 39), Second Amended Complaint (Dkt. 67), and Response to AISD's first Motion for Summary Judgment (Dkt. 80). Ms. Strife filed those records under seal in her first summary judgment Response (Dkt. 80) in accordance with this Court's **March 4, 2024 Order** granting her ***unopposed*** motion to do so. *See* Dkt. 81.

To be sure, Ms. Strife has referenced her VA doctors' diagnoses/treatment of

her condition in her pleadings. However, those references do not suffice to allow the public unbridled access to her medical records/information, as the United States District Court for the Northern District of Texas (Scholer, J.) held in *Cloud*:

> Defendant claims that because Plaintiff "put his medical condition at issue," materials referencing Plaintiff's medical information cannot "fairly be characterized as 'confidential'… The Court finds that casting a "spotlight" on symptoms and manifestations of a brain injury with alleged neurological total and permanent disabilities solely for the self-serving reasons articulated by Defendant does not serve the public interest. Indeed, it does the opposite, as it undermines the substantial privacy interest individuals have in their sensitive medical information.

*Id.*, at *1.

### C. AISD's "Unclean Hands" And Spiteful/Retributive Motives Nullify Its Opposition To The Sealing/Redaction Of Strife's Medical Records

AISD's "unclean hands" and spiteful, retributive motives deprive it of any good-faith basis to oppose this Motion.

As noted above, for over three-and-one-half years AISD has not opposed the sealing of or moved to unseal the very ***same*** exhibits that Ms. Strife now seeks to file under seal. The record makes unmistakably clear why AISD has, suddenly, attempted to walk back that non-opposition: spite and retribution against Ms. Strife for continuing her efforts to vindicate her rights under the ADA, RA, and TLC in this action and in a

related retaliation lawsuit (*Sewall v. AISD*).

In light of *Nixon*, AISD's attempt to "gratify" its "private spite" against Ms. Strife and subject her to public embarrassment and humiliation by (belatedly) forcing her to publicly file her VA medical records/information must fail. *See Nixon*, 435 U.S. at 598 (cleaned up) ("the common-law right of inspection has bowed before the power of a court to insure that its records are not used to gratify private spite or promote public scandal…").

Indeed, if AISD—in its spite and vindictiveness—were to succeed in forcing Ms. Strife to file her private medical records publicly, it would have a "chilling effect" on not only her but on every other disabled individual who must repair to a federal or state court to vindicate his/her rights under the ADA, RA, TLC, and other federal and state laws that protect the disabled from discrimination and retaliation.

In *Cloud*, a sister court raised and condemned this very specter:

> To allow such bolstering by a defendant could very well result in a chilling effect and totally unnecessary collateral damage at the expense of individuals who suffered personal injuries, including public ridicule and embarrassment. Defendant's transparent effort to publicize private details of Plaintiff's brain injury, brain injury symptoms, and disability is unprecedented, improper, and deeply concerning to the Court.

*See Cloud*, at *2.

**IV. Conclusion**

For these reasons, Plaintiff, Alisha Strife, respectfully requests this Court permit her to continue to file her VA medical records/information under seal. Alternatively, Ms. Strife requests this Court redact her VA medical records/information to remove all information pertaining to her VA doctors' diagnoses and treatment of her physical and psychological conditions. Ms. Strife respectfully requests all other relief to which she is justly entitled.

Respectfully submitted,

**/s/ Scott Newar**
SCOTT NEWAR
S.D. Texas Bar. No. 19191
440 Louisiana, Suite 900
Houston, Texas 77002
Telephone: (713) 226-7950
Fax: (713) 226-7181 (Fax)
E-Mail: newar@newarlaw.com

ATTORNEY-IN-CHARGE
FOR PLAINTIFF, ALISHA STRIFE

**Of Counsel:**

Dennis Herlong
Law Office of Dennis Herlong
Texas Bar No. 09510500
440 Louisiana, Suite 900
Houston, Texas 77002
Telephone: 713-228-9222
Fax: 713-228-9226
E-Mail: lawfirm@dennisherlong.com

## CERTIFICATE OF CONFERENCE

I hereby certify that, on September 9, 2026 and September 10, 2026, my paralegal (Candice O'Brien) and I conferred with AISD's lead counsel, Melissa Goins, via email in a good-faith attempt to resolve this matter without this Court's intervention. Those email communications are attached. Our good-faith efforts failed. As a result, Ms. Strife was forced to seek this Court's intervention.

**/s/ Scott Newar**

## CERTIFICATE OF SERVICE

I hereby certify that, on September 11 2026, I served the instant pleading on AISD through its legal counsel via e-filing in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas.

**/s/ Scott Newar**