**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ALISHA STRIFE,** | § | |
| | § | |
| ***Plaintiff*,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:23-cv-00358** |
| | § | |
| **ALDINE INDEPENDENT SCHOOL DISTRICT,** | § | |
| | § | |
| | § | |
| ***Defendant.*** | § | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant Aldine Independent School District (AISD or the District) files its Reply in Support of its Motion for Summary Judgment.

## Introduction

Plaintiff's Response is premised on material misrepresentations of the summary judgment record, of her own exhibits, and of the Fifth Circuit's decision in this case. Those misrepresentations concern the central issue remaining on remand: whether AISD acted in good faith while evaluating Plaintiff's accommodation request.

Plaintiff repeatedly represents, for example, that her physicians informed AISD that a service dog was the *only* effective accommodation for her disabilities. That is an unabashed misrepresentation of the record. The Fifth Circuit has already examined those same submissions and expressly held that, although they explained why a service dog would benefit Plaintiff, "none addressed whether any alternative measures, such as a cane, wheelchair, or workplace modifications, could alternatively redress Strife's disabilities." *Strife v. Aldine Indep. Sch. Dist.*, 138 F.4th 237, 250 (5th Cir. 2025). The Fifth Circuit deemed that omission "significant," held that AISD had a legitimate basis for seeking the missing information, and characterized AISD's

requests for documentation and an examination as efforts "to confirm, as part of the interactive process, whether alternative accommodations existed." *Id*. at 250–51.

Plaintiff asks this Court to treat *those same actions* as evidence of bad faith. In the process, Plaintiff misrepresents what her doctors said, what AISD's documents show, and what this Court and the Fifth Circuit said. Plaintiff accuses AISD of attempting to "rig" a medical examination, although her own exhibit shows Dr. Villarreal directing staff to "follow the same process we do with other employees." Ex. CC, Dkt. 117-28 at 2. And while Plaintiff blames AISD for prolonging the process, her own transcript shows this Court cautioning her counsel that the process "cannot happen if, in fact, there is a withholding of information or lack of cooperation" and warning: "I don't want you to be the reason that that's held [up]." Ex. KK, Dkt. 117-36 at 8–9.

What the competent summary judgment evidence actually shows is that AISD sought information concerning alternative reasonable accommodations, that Plaintiff's medical providers did not supply it, that AISD continued seeking it, that Plaintiff's counsel finally answered the outstanding question on February 21, 2023, and that AISD approved Plaintiff's requested accommodation three days later. Ex. LL, Dkt. 117-37 at 4–9; Ex. MM, Dkt. 117-38 at 3.

**I. Plaintiff's Misrepresentations to the Court.**

AISD would be remiss if it did not point out the numerous material misrepresentations in Plaintiff's Response concerning both the evidence and the Fifth Circuit's decision. The following non-exhaustive list is illustrative.

**Misrepresentation #1:** "Dr. Mann also made clear that a service dog was the only reasonable accommodation of her disabilities." Dkt. 117 at 10.

**The Truth:** Dr. Mann did not make any such representation. Dr. Mann identified "Having support of service animal" when asked to suggest a reasonable accommodation. Ex. LL, Dkt. 117-37 at 4–

5. He never stated that a service animal was the *only* effective accommodation or that no alternative would work. *Id*. The Fifth Circuit has already resolved this point. As to Plaintiff's submissions, "none addressed whether any alternative measures" could accommodate her disabilities. *Strife*, 138 F.4th at 250.

**Misrepresentation #2:** "[F]our VA treating doctors . . . stated—either explicitly (Mann and Miller) or implicitly (Vandeven and Makulski)—that a service dog was the only reasonable accommodation." Dkt. 117 at 31.

**The Truth:** These doctors did not make any such representation. Vandeven concluded that Plaintiff's condition was "appropriate for use of a mobility dog," Ex. AA, Dkt. 117-27 at 10, and Makulski likewise stated that a certified service mobility dog was "appropriate" and should be utilized in all settings, Ex. LL, Dkt. 117-37 at 48. Neither stated that no other accommodation would be effective. Again, the Fifth Circuit expressly held that Plaintiff's medical submissions did not address whether alternative measures could accommodate her disabilities. *Strife*, 138 F.4th at 250.

**Misrepresentation #3:** Counsel's February 21 letter "simply reiterated what Strife, her VA doctors, and RPTSD had repeatedly asserted for five months." Dkt. 117 at 22.

**The Truth:** The Fifth Circuit has already rejected this characterization of the record. It expressly found that "as soon as Strife's attorney affirmatively confirmed that no alternative accommodations were sufficient, the district dropped its request for an independent medical exam and approved Inde's presence in the workplace." *Strife*, 138 F.4th at 250–51. Counsel's February 21, 2023, response did not merely repeat the existing record; it supplied the answer AISD had been seeking. Ex. LL, Dkt. 117-37 at 8–9; Ex. MM, Dkt. 117-38 at 3.

**Misrepresentation #4:** The Fifth Circuit "nowhere stated or implied that, after November 11, 2022, AISD's 'insistence'" on an examination had support in the record and "implied to the contrary." Dkt. 117 at 32-33.

**The Truth:** Again, the opposite is true. The Fifth Circuit expressly connected AISD's examination request to the unanswered alternatives question and then described what happened after November 11, 2022: AISD abandoned the examination and approved Inde "as soon as" counsel finally confirmed alternatives were insufficient. *Strife*, 138 F.4th at 250–51; Ex. MM, Dkt. 117-38 at 3. Plaintiff's characterization materially misrepresents the Fifth Circuit's opinion.

**Misrepresentation #5:** AISD "hand-picked the doctor . . . in an apparent attempt to rig that examination." Dkt. 117 at 33.

**The Truth:** Plaintiff cites no evidence of "rigging." Her own Exhibit CC shows Smith explaining that Concentra ordinarily assigns the doctor on duty and asking whether an appointment should instead be scheduled. Villarreal responded: "I recommend that we follow the same process we do with other employees." Ex. CC, Dkt. 117-28 at 2. AISD's policy, moreover, expressly authorized AISD to designate the examining physician. Ex. W, Dkt. 117-23 at 3.

**Misrepresentation #6:** During the TRO hearing, AISD "stipulated" that Inde constituted the reasonable accommodation required by the ADA. Dkt. 117 at 25–26.

**The Truth:** AISD made no such stipulation. AISD stated that it did not object to a service animal but was determining whether other reasonable accommodations existed. Ex. KK, Dkt. 117-36 at 4. The Court expressly understood AISD's position to be that Plaintiff required some accommodation, not that AISD had conceded Plaintiff's preferred accommodation was legally required. *Id.*

**Misrepresentation #7:** This Court indicated that AISD would "likely" suffer a preliminary injunction unless it approved Inde. Dkt. 117 at 21.

**The Truth:** The Court expressly stated: "I am not predicting a ruling on the preliminary injunction" and "I'm not putting my thumb on the scale as to what that decision is." Ex. KK, Dkt. 117-36 at 6–8. The Court required completion of the process, not a particular result, and simultaneously directed Plaintiff's counsel to cooperate. *Id*. at 8–9.

**Misrepresentation #8:** AISD "simply refused to accept" Plaintiff's doctors' opinions because "it had no intention of allowing Strife to work with her service dog." Dkt. 117 at 31.

**The Truth:** The Fifth Circuit expressly rejected that characterization of AISD's conduct, holding that its requests for additional documentation, consideration of alternatives, and examination request "simply illustrate AISD's attempts to confirm, as part of the interactive process, whether alternative accommodations existed." *Strife*, 138 F.4th at 251. *See also* Ex. HH, Dkt. 117-33 at 3–4; Ex. MM, Dkt. 117-38 at 2–3.

## II. Plaintiff Relies on Evidence That Cannot Create a Genuine Issue of Material Fact.

Plaintiff relies extensively on materials that are not competent evidence of the propositions for which she offers them. Exhibits X and II are Plaintiff's prior pleadings, and Exhibit JJ is her prior motion for temporary restraining order and preliminary injunction. Allegations and attorney argument are not summary judgment evidence and do not become evidence merely because Plaintiff attaches them to her Response. *See* Fed. R. Civ. P. 56(c).

Likewise, Exhibits V, Y, FF, and LL contain extensive correspondence from Plaintiff's attorneys asserting what the ADA required, whether AISD acted unlawfully, and whether alternative accommodations would be effective. AISD does not object to these communications as evidence of what was communicated during the interactive process. But counsel's unsworn factual,

legal, and medical assertions are not evidence that those assertions are true. Most notably, counsel's February 21, 2023, assertion that it was "self-evident" that a walker, cane, or wheelchair would not accommodate Plaintiff is not a medical opinion. AISD nevertheless accepted counsel's answer "in the spirit of cooperation" so the Committee could complete its review. Ex. MM, Dkt. 117-38 at 3.

Finally, AISD objects under Rules 401 and 402 to Plaintiff's September 3, 2026, declaration insofar as it concerns alleged hostility or retaliation occurring years after the accommodation was approved, Plaintiff's 2026 resignation, and Spring ISD's subsequent handling of an accommodation request. Those events have no tendency to establish whether AISD acted in good faith during the August 2022 to February 2023 interactive process and, as Plaintiff acknowledges, her post-accommodation retaliation allegations are the subject of a separate lawsuit. Dkt. 117 at 22.

## III. The Fifth Circuit's Review of the Evidentiary Record Forecloses Plaintiff's Theory That AISD Acted in Bad Faith.

Plaintiff emphasizes that the Fifth Circuit reinstated her failure-to-accommodate claim but ignores the different procedural standards underlying the opinion. In reversing the Rule 12(b)(6) dismissal, the Fifth Circuit was required to accept Plaintiff's allegations as true and held only that those allegations, if proven, could support an unreasonable-delay claim. *Strife v. Aldine Indep. Sch. Dist.*, 138 F.4th 237, 245–48 (5th Cir. 2025).

In affirming summary judgment on retaliation, however, the Fifth Circuit reviewed the evidentiary record upon which Plaintiff again relies. It found "ample support" for AISD's position that additional information was necessary and, after identifying Plaintiff's service animal certifications, the Miller and Mann letters, and Mann's Job Accommodation Questionnaire, expressly held:

> Each of these documents explained that a service dog at Strife's workplace would be beneficial to her physical and psychological health. But none addressed whether any alternative measures, such as a cane, wheelchair, or workplace modifications, could alternatively redress Strife's disabilities.

*Id*. at 250. The Fifth Circuit deemed that omission "significant" because the ADA guarantees a reasonable accommodation, not the employee's preferred accommodation. *Id*. (quoting E.*E.O.C. v. Agro Distribution, LLC*, 555 F.3d 462, 471 (5th Cir. 2009)).

Even more importantly, the Fifth Circuit considered the precise conduct Plaintiff again characterizes as evidence of bad faith—AISD's "repeated requests for additional documentation, its failure to suggest any alternative accommodations, and request for an exam"—and held that those actions "simply illustrate AISD's attempts to confirm, as part of the interactive process, whether alternative accommodations existed." *Strife*, 138 F.4th at 251. And "as soon as Strife's attorney affirmatively confirmed that no alternative accommodations were sufficient," AISD abandoned the examination and approved Inde. *Id*.

Plaintiff cannot manufacture a fact issue by recharacterizing the very evidence the Fifth Circuit has already examined and expressly described.

**IV. Plaintiff's Own Evidence Confirms AISD's Good-Faith Interactive Process.**

The remaining issue before the Court is not whether Inde was an appropriate accommodation—AISD ultimately approved Inde. The issue is whether AISD acted in bad faith by continuing the interactive process while determining whether other effective accommodations existed. Plaintiff's own evidence demonstrates that it did not.

The ADA requires a constructive, bilateral process to identify an appropriate accommodation. *Taylor v. Principal Fin. Grp., Inc.*, 93 F.3d 155, 165 (5th Cir. 1996); *Loulseged v. Akzo Nobel Inc.*, 178 F.3d 731, 735–36 (5th Cir. 1999). It does not entitle an employee to her preferred accommodation. *E.E.O.C. v. Agro Distribution, LLC*, 555 F.3d 462, 471 (5th Cir. 2009).

Plaintiff relies on Smith's November 3, 2022, ADA Compliance Questionnaire because Smith recognized Plaintiff as disabled and qualified, two matters that are not disputed. The unanswered question was which accommodation was appropriate. Indeed, Plaintiff's own Exhibit T states that the interactive process should identify "the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations." Ex. T, Dkt. 117-20 at 6. The Fifth Circuit has already held that Plaintiff's medical submissions had not answered that question. *Strife*, 138 F.4th at 250.

Nor does the frequency of formal EAC meetings establish bad faith. The ADA requires an interactive process, not meetings of a particular committee on a prescribed schedule. *See Loulseged*, 178 F.3d at 735–37. The contemporaneous record shows that process continued. On January 13, 2023, AISD explained that Plaintiff's new medical information still did not address "the range of effective accommodation options that may be available," noted that Plaintiff had not provided authorization for AISD to communicate with her providers and had not attended the scheduled examination. Ex. HH, Dkt. 117-33 at 3–4.

Dr. Vandeven's January 10, 2023, evaluation does not change the analysis. She concluded that Plaintiff's condition was "appropriate for use of a mobility dog." Ex. AA, Dkt. 117-27 at 10. AISD does not dispute that conclusion, but Vandeven never opined that a service dog was the *only* effective accommodation or addressed whether a cane, walker, wheelchair, or workplace modification could address Plaintiff's limitations—the precise distinction already drawn by the Fifth Circuit. *Strife*, 138 F.4th at 250.

The events following this Court's February 15, 2023, hearing eliminate any remaining inference of bad faith. The Court recognized AISD's concerns regarding Plaintiff's cooperation, suggested a narrower medical release, cautioned that the process "cannot happen if, in fact, there

is a withholding of information or lack of cooperation," and told Plaintiff's counsel: "I don't want you to be the reason that that's held [up]." Ex. KK, Dkt. 117-36 at 7–9.

AISD then narrowed its request. On February 17, 2023, it sought authorization for Plaintiff's providers to answer focused questions concerning her limitations and specified alternatives. Ex. LL, Dkt. 117-37 at 3–4. Plaintiff declined to execute the authorizations, and on February 21, 2023, her attorney instead stated that a walker, cane, or wheelchair would not be effective. *Id*. at 8–9. AISD accepted counsel's response and approved Inde on February 24, 2023—three days later. Ex. MM, Dkt. 117-38 at 3.

That chronology is incompatible with bad faith. As the Fifth Circuit already held, AISD's actions were efforts "to confirm, as part of the interactive process, whether alternative accommodations existed." *Strife*, 138 F.4th at 251. Nor does the approximately six-month period between Plaintiff's August 30, 2022, request and AISD's February 24, 2023, approval independently establish liability. The ADA does not require an employer to "move with maximum speed." *Id*. at 246 (quoting *Loulseged*, 178 F.3d at 737). Here, AISD continuously sought specific information and approved Plaintiff's preferred accommodation immediately after that information was finally supplied. No reasonable jury could find an unlawful failure to accommodate.

## V. AISD Retains Governmental Immunity from Plaintiff's Chapter 21 Claim.

Chapter 21 waives AISD's governmental immunity only if Plaintiff establishes conduct violating the statute. *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 783 (Tex. 2018). When the governmental employer negates an essential element of the claim, the statutory waiver does not apply. *Id*. Here, the completed summary judgment record conclusively negates Plaintiff's failure-to-accommodate claim. Because this jurisdictional defect cannot be cured by repleading, dismissal with prejudice is appropriate. *See Harris Cnty. v. Sykes*, 136 S.W.3d 635, 639–40 (Tex.

2004). Accordingly, AISD retains its governmental immunity, and Plaintiff's Chapter 21 claim should be dismissed with prejudice.

**Prayer**

Defendant Aldine Independent School District requests that the Court grant its Motion for Summary Judgment and dismiss Plaintiff's claims against AISD with prejudice.

Respectfully submitted,

/s/ Melissa M. Goins
MELISSA M. GOINS
State Bar No. 24074671
mgoins@snll-law.com
PAUL A. LAMP
State Bar No. 24002443
plamp@snll-law.com
3700 Buffalo Speedway, Suite 500
Houston, Texas 77098
Telephone: 713/993-7066
Facsimile: 888/726-8374

ATTORNEYS FOR DEFENDANT AISD

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record via electronic mail and/or ECF on September 11, 2026, addressed as follows:

Scott Newar
440 Louisiana Street, Suite 900
Houston, Texas 77002
newar@newarlaw.com
*(Attorney for Plaintiff)*

/s/ Melissa M. Goins
ATTORNEY FOR DEFENDANT AISD