**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ALISHA STRIFE,** | § | **NO. 4:23-cv-358** |
| | § | |
| | § | |
| **Plaintiff** | § | **JURY DEMANDED** |
| | § | |
| **v.** | § | |
| | § | |
| **ALDINE INDEPENDENT SCHOOL DISTRICT** | § | |
| | § | |
| | § | |
| **Defendant** | § | |

**PLAINTIFF'S REPLY TO AISD'S RESPONSE TO EXPEDITED MOTION TO SEAL OR, ALTERNATIVELY, REDACT EXHIBITS**

Plaintiff, Alisha Strife, files this Reply To AISD's Response To Plaintiff's Expedited Motion To Seal Or, Alternatively, Redact Exhibits (hereinafter "Motion") and respectfully asserts as follows:

**I. Introduction**

In its Response In Opposition To Plaintiff's Expedited Motion To Seal (hereinafter "Response") (Dkt. 123), AISD elides the fundamental question at the heart of this dispute: why, after ***over three-and-one-half years*** of *not* opposing the sealing of Ms. Strife's medical records/information and *not* moving to unseal those records/information, AISD has ***suddenly*** opposed that sealing. In light of the evidence that AISD has retaliated against Ms. Strife for continuing to prosecute this lawsuit and for prosecuting a related *retaliation* lawsuit against it (*Alisha Sewall and Joseph Sewall v. Aldine Independent School District*, No. 4:25-cv-4048 (Hanks, J.)), this Court should construe AISD's elision and—as detailed below—its miscitation of numerous Fifth Circuit and federal District Court opinions as a tacit admission that its sudden about-face is motivated by "private spite" and other "improper motives" and, therefore, grant Ms. Strife's Motion.

## II. Argument

### A. AISD Does Not/Cannot Explain Its Sudden About-Face

In its Response (Dkt. 123), AISD elides the fundamental question at the heart of this dispute: why, after *over three-and-one-half years* of *not* opposing the sealing of Ms. Strife's medical records/information and *not* moving to unseal those records/information, AISD has suddenly changed its position and opposed that sealing. AISD's attempted explanation for its sudden about-face is that its lead outside counsel is engaging in "professional advocacy" on its behalf, "consistent with her ethical obligation to represent her client zealously within the bounds of the law." *Id.*, at 2.

Yet, AISD's blaming of its outside counsel for its sudden about-face does not pass muster when one recalls that that, when AISD represented that it was *"not opposed"* to the sealing of the ***same*** exhibits in ***March 2024***, AISD was represented by the ***same*** outside law firm. *See* Dkt. 120, at Exhibit 2 (Cory Rush 3/1/24 email to Scott Newar).

### B. AISD Miscites Numerous 5th Circuit And Federal District Court Opinions

As detailed below, AISD miscites numerous Fifth Circuit and federal District Court cases to attempt to support its sudden about-face. In one instance, AISD cites a case that—accurately rendered—supports continued sealing. AISD's legal sleight-of-hand bolsters this Motion.

#### 1. *Thompson v. Texas Dep't of Crim. Just.*, 67 F.4th 275 (5th Cir. 2023)

AISD cites *Thompson v. Texas Dep't of Crim. Just.*, 67 F.4th 275 (5th Cir. 2023). *See* Response, at 11. Yet, AISD failed to apprise this Court that Thompson—a TDCJ inmate—*moved to unseal* his *own* medical records. Based on Thompson's motion to unseal, the Fifth Circuit held that Thompson had "waiv[ed] his privacy interest…" "*Id.,* 284 (5th Cir. 2023).

By contrast, Strife has never moved to unseal her medical records. To the contrary: Strife previously filed her medical records/information under seal ***four separate*** times.

**2. *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 520 (5th Cir. 2022)**

AISD cites *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 520 (5th Cir. 2022). *See* Dkt. 123, at 9. Yet, AISD failed to apprise this Court that, in *Phillips*, the Fifth Circuit reversed the District Court's sealing orders because the lawsuit involved ***"matters of particularly public interest"*** (a constitutional challenge to Louisiana anti-abortion laws) (*id.*, at 520) and because the documents in issue—including New York Times, Rolling Stone, and Christian Science Monitor articles and other online news reports/records—were already in the public domain. *Id.*, at 517.

Again, this case is not a matter of public interest. And, contrary to AISD' repeated false assertions, Ms. Strife has never publicly filed her HIPAA-protected medical records/information.

**3. *Ferrari v. Francis*, 685 F. Supp. 3d 410 (N.D. Tex. 2023)**

AISD cites *Ferrari v. Francis*, 685 F. Supp. 3d 410 (N.D. Tex. 2023). *See* Dkt. 123, at 9. Yet, AISD failed to apprise this Court that the *Ferrari* plaintiff attempted to seal his *criminal history*, which was *already* a matter of public record when he filed suit. The *Ferrari* court held that a party's criminal history enjoys no privacy. *Id.*, at 412.

By contrast, Strife enjoys a statutory right to privacy in her medical records/information. *See* HIPAA.

**4. *Doe v. Beaumont Indep. Sch. Dist.*, 615 F. Supp. 3d 471 (E.D. Tex. 2022)**

AISD cites *Doe v. Beaumont Indep. Sch. Dist.*, 615 F. Supp. 3d 471 (E.D. Tex. 2022) (Exhibit 5). *See* Dkt. 123, at 10-11. Unfortunately, AISD failed to apprise this Court that, in *Doe*,

the court ordered the ***sealing*** of testimony and exhibits pertaining to the minor plaintiffs' medical treatment and diagnosis related to their sexual abuse by a BISD teacher, holding the plaintiffs' privacy interests outweighed the public's interest in those records. *Id.*, at 504.[1]

**5. *Green v. Winona Montgomery Consol. Sch. Dist.*, No. 4:21-CV-32-DMB-JMV, 2021 WL 1723226 (N.D. Miss. Apr. 30, 2021)**

AISD cites *Green v. Winona Montgomery Consol. Sch. Dist.*, No. 4:21-CV-32-DMB-JMV, 2021 WL 1723226 (N.D. Miss. Apr. 30, 2021). *See* Dkt. 123, at 9. Again, AISD failed to disclose to this Court that the *Green* court denied sealing because the plaintiff was ***not*** publicly identified on the docket. *Id.*, at *2 ("[I]nterests in sealing are diminished where the minor is not identified on the docket."). AISD also failed to disclose that, although the *Green* court denied sealing, it ordered redaction of the minor's medical records.

Critically, in none of AISD's (miscited) cases was there any evidence that—as here—the party opposing sealing had done so to "gratify" its "private spite" and with other "improper motives"—in violation of the United States Supreme Court's decision in *Nixon*.

**C. This Court Has Ordered Sealing Of Records In Multiple Cases**

Finally, this Court has ordered the sealing of records in multiple cases.

For example, in *Nuvasive, Inc. v. Cantrell*, 4:24-cv-00434 (S.D. Tex. March 21, 2024) (Exhibit 1), this Court ordered the sealing of a corporation's sales agreement with a third party because that agreement required confidentiality and "contain[ed]…highly confidential,

---

[1] AISD's outside counsel also represented BISD in *Doe*. *See Doe*, 615 F.Supp.3d at 479 (Exhibit 5). Therefore, "professional advocacy" norms impose a heightened burden on AISD and its counsel to accurately represent *Doe's* holding.

proprietary, and business sensitive information…the disclosure of which could cause competitive harm to NuVasive and/or to third parties, if disclosed publicly. *See Nuvasive*, at 1 (Exhibit 1). This Court has also ordered the sealing of records in other ***commercial*** cases. *See*, e.g., *Voltagrid, LLC v. Novva Holdings, LLC*, No. 4:24-cv-01526 (S.D. Tex. April 29, 2024) (Exhibit 2) and *Schlumberger Technology Corporation v. Gradiant Corporation*, No. 4:25-05099 (S.D. Tex. March 13, 2026) (Exhibit 3 and Exhibit 4).

Unlike the ***corporate*** parties in those cases, Ms. Strife—a disabled U.S. Army veteran—has a statutory (HIPAA) privacy interest in her medical records/information and will suffer harm to that interest and, likely, significant damage to her personal reputation and professional career by the disclosure of that information. Since AISD is motivated by "private spite" and other improper motives in seeking to publicize that information, this Court should order that information's continued sealing or, alternatively, redaction.[2]

Respectfully submitted,

**/s/ Scott Newar**
SCOTT NEWAR
S.D. Texas Bar. No. 19191
440 Louisiana, Suite 900
Houston, Texas 77002
Telephone: (713) 226-7950
Fax: (713) 226-7181
E-Mail: newar@newarlaw.com
PLAINTIFF'S ATTORNEY-IN-CHARGE

[2] Such information also includes Ms. Strife's deposition testimony about her medical conditions. *See* Dkt. 117-2 ("Exhibit B").

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 16, 2026, I served the instant pleading on AISD through its legal counsel via e-filing in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas.

**/s/ Scott Newar**